JAMES ROY CHANDLER, Petitioner,

*v.*

TRAVELERS INSURANCE COMPANY et al., Respondent.

369 S. W. 2d 390.

(*Nashville,* December Term, 1962.)

Opinion filed June 4, 1963.

Petition for Rehearing Denied July 15, 1963.

200

HENRY & HENRY, Pulaski, for petitioner.

WADE & FORRESTER, Pulaski, for respondents.

MR. SPECIAL JUSTICE ROBERT S. CLEMENT delivered the opinion of the Court.

This case is on appeal from the Chancery Court of Giles County wherein James Roy Chandler obtained an award for permanent partial disability of fifty-two and one-half (52½) per cent of the loss of hearing of both ears, amounting to 78.75 weeks at Thirty-Four ($34.00) Dollars per week, in keeping with the Workmen's Compensation Law, Section 50-901, and subsequent sections. Both parties have appealed to this Court and they will, for convenience, be referred to as in the lower court.

The Complainant, a man fifty-seven years old at the time of the hearing, was injured on October 10, 1960,

while working for the Bush Building Company at Pulaski, Tennessee. It is agreed that the accident arose out of and in the course of Complainant's line of duty. The petition alleges that Complainant was hit on the head with a steel cable that was being moved by a crane and which had become loose; that he was knocked to the ground and sustained a cerebral concussion and that he was unconscious for a period of forty-eight hours thereafter; that he returned to work about two weeks after the accident and continued to try to work even though he felt physically unable to do so and that, as a direct result of the lick on his head, he has suffered almost constantly with headaches and dizziness and that his hearing is impaired fifty-four (54%) per cent in the right ear and fifty-one (51%) per cent in the left ear. Complainant was carried to the office of Dr. K. M. Kressenberg, a company physician in Pulaski, immediately following the accident and was found to be suffering with a cerebral concussion. He was placed in the hospital for two days and Dr. Kressenberg saw him again on the 15th, 22nd and 24th day of October, at which time employee was told that he could go back to work and see how he made it. Dr. Kressenberg next saw Complainant on January 12, 1961, at which time he made an appointment for Complainant to see Dr. Joseph Capps, a neurosurgeon in Nashville, on January 18, 1961.

Dr. Kressenberg testified that he saw Complainant again on September 1, 1961, with reference to Complainant's hearing and he was referred to Dr. William Kennon, an ear specialist in Nashville, who found that Complainant had a considerable hearing loss in both ears, amounting to fifty-four (54%) per cent in the right ear and fifty-one (51%) per cent in the left ear. Dr. Kressen-

berg further testified that this hearing loss could be caused by trauma. Dr Kressenberg testified that he again saw Complainant on January 5, 1962, and that the Complainant again was sent to Dr. Capps for a further study and test to determine whether or not Complainant had any organic brain damage. According to the stipulation, Dr. Capps saw Complainant on January 18, 1961.

The Complainant was terminated by his employer on October 11, 1961. The Complainant insists that he was fired, but the employer insists the Complainant was terminated because of lack of work.

The assignments of error submitted by the Defendants are as follows:

*No. 1.* Because the evidence preponderates against the finding of the Court.

*No. 2.* Because the Court failed to sustain the Motion of the defendants regarding the Statute of Limitations for payment of compensation.

*No. 3.* Because the Court failed in its finding of fact to show that the Statute of Limitations of one year had expired.

*No. 4.* Because the Court failed to hold that the suit was filed within the statutory time.

*No. 5.* Because the Court failed to hold that the partial deafness of plaintiff occurred prior to the injury on October 10, 1960.

*No. 6.* Because the proof does not show that the Complainant had a hearing loss of 52½ per cent of both ears.

*No. 7.* Because the Court erred in holding that the

tolling of the Statute ran from the time of furnishing the medical treatment.

*No. 8.* Because the Court failed to grant the motion for a new trail.

The assignments of error submitted by the Complainant are:

*No. 1.* That the Court erred in failing to hold that the Complainant was one hundred (100%) per cent disabled.

*No. 2.* The Court erred in overruling Complainant's supplemental bill in the nature of a Bill of Review.

*No. 3.* The Court erred in refusing to resolve the medical testimony in favor of the Complainant.

The main question to be resolved by the Court is No. 2 of Defendants' assignment, which raises the question as to whether or not the Statute of Limitations had run against the Complainant before the filing of his petition on February 20, 1962. If this Court should find that the Statute had run, then it is not necessary to pass on the other questions raised. Therefore, we will first consider this assignment which deals with the Statute of Limitations.

Section 50-1003, T.C.A. reads as follows:

"Limitation Of Time.—The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by sec. 50-1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if within said

one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of the compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by sec. 50-1024.''

■ With reference as to whether the medical services furnished the Complainant were voluntary, it must be concluded that these services were voluntarily rendered by the Defendants because Dr. Kressenberg, who treated Complainant and directed him to Doctors Capps and Kennon, was a company doctor.

''Under Compensation Law conferring upon employer having paid 'compensation' or having become liable therefor, right of subrogation against third party causing injury to employee, 'compensation' includes medical and hospitalization benefits, notwithstanding injured employee refused to accept compensation and settled with third party.'' *United States Fidelity and Guaranty Company v. Union Railway Company,* 182 Tenn. 412, 187 S.W.2d 615.

So, we conclude that the payment for medical services was voluntary and must be considered as compensation.

The stipulation, which is signed by the attorneys for Complainant and Defendants, and is a part of the record in this cause reads as follows:

''In this cause comes the parties by their counsel and stipulate and agree as follows:

1. The date of accident—October 10, 1960.

2. The complainant was treated on various dates thereafter by Dr. K. M. Kressenberg including an examination on January 12, 1961.

3. That complainant was examined by Dr. Joe Capps January 18, 1961.

4. That payment for this examination was made by defendant insurance company on April 5, 1961.

5. Defendant Travelers Insurance Company paid Dr. K. M. Kressenberg for treatment of January 12, 1961, by check received on April 1, 1961.

6. That suit was filed on February 20, 1962, in the Chancery Court of Lincoln County which by agreement of counsel was dismissed so that it could be brought in the Chancery Court of Giles County.

7. That the Giles County suit was instituted on March 30, 1962.''

■ Thus, the question narrows down as to whether Complainant's right to bring suit expired on January 17, 1962, one year from the date of his last treatment by Dr. Joe Capps, or on April 5, 1962, one year from the date of payment to Dr. Joe Capps for his examination of Complainant.

Under the above statement of facts, it appears that this question was settled by this Court in the case of the *John Sevier Motor Company v. Mullins,* 205 Tenn. 227, 326 S.W.2d 441, in an opinion by the late Chief Justice Prewitt, wherein he said:

"If the payments made by the insurance carrier are treated as involuntary then under said Section 50-1003, T.C.A. the appellee's claim was barred by the one year

statute of limitations, but if it is treated as voluntary payment the statute only begins to run from the date of the last payment of the medical bill.''

Complainant filed his petition on February 20, 1962, in Lincoln County, but by agreement was refiled in Giles County on March 30, 1962. In view of the above authority, Defendants' assignments of error Nos. 2, 3, 4 and 7 are overruled and we hold that Complainant's right to sue would not have been barred until April 5, 1962.

As to Defendants' assignments Nos. 1, 5, 6 and 8, we find no merit in them as this Court has consistently held regarding controversial issues that where there is any material evidence to support the findings of the Trial Court, the findings are binding upon this Court. *Vester Gas Range and Manufacturing Company v. Leonard,* 148 Tenn. 665, 257 S.W. 395; *Brady v. Reed,* 186 Tenn. 556, 212 S.W.2d 378; *Graybeal v. Smith,* 189 Tenn. 412, 225 S.W.2d 556; *White v. Whiteway Pharmacy, Inc.,* 210 Tenn. 449, 360 S.W.2d 12.

Now as to Complainant's assignments of error Nos. 1 and 3, we feel that these questions were controversial and were decided by the Chancellor; therefore, his findings will not be disturbed. As to the second assignment, judges of the lower courts have broad discretion in such matters and we feel that the Chancellor did not abuse his discretion in dismissing Complainant's Supplemental Bill, which was in effect a Motion for a New Trial.

The Chancellor who heard this cause had the opportunity to observe the Complainant and other witnesses and his judgment in factual matters will not be disturbed.

Certainly, there is medical as well as lay testimony to support his findings.

The assignments of error of both Complainant and Defendants are overruled and the Chancellor's decree is affirmed.

The Defendants will pay the costs of the cause, including the appeal to this Court.

## On Petition to Rehear

The defendants in this cause have filed a petition to rehear wherein they suggest that the Court did not spell out clearly the question of whether the Statute of Limitations begins to run from the date of the last medical treatment or the date of payment for the last medical services. Defendants also suggest that there is a difference between treatment and examination. As to whether Dr. Kressenberg examined Petitioner or treated him on January 12, 1961, the Defendant stipulated that Dr. Kressenberg's bill ''For treatment of January 12, 1961'' was paid on April 1, 1961. So, we do not think this point is well taken, even if there be a difference, which will not be passed on in this opinion.

While it is true the main question involved in the *John Sevier Motor Company v. Mullins*, 205 Tenn. 227, 326 S.W.2d 441, was whether voluntary payment of medical bills was compensation within the meaning of the Act, the Court did hold that a suit brought within one (1) year from the voluntary payment of medical bills was not barred.

Therefore, it is the opinion of the court that the Statute of Limitations begins to run from the last voluntary

payment of medical bills for Petitioner and not the date of treatment.

The petition to rehear will be denied.