WILLIE B. FIELDS

*v.*

LOWE FURNITURE CORPORATION.

415 S.W.2d 340.

(*Nashville,* December Term, 1966.)

Opinion filed April 7, 1967.

Petition for Rehearing Denied June 6, 1967.

CRAWFORD & BARNES, Cookeville, for plaintiff in error, respondent.

SNOW & POTEET, Cookeville, for defendant in error, petitioner.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This is a Workmen's Compensation suit filed under the statute, T.C.A. sec. 50-901 et seq. The only question presented on this appeal is whether or not an employee is entitled to compensation when he has seen the doctor selected, and to whom he was sent by his employer, within a year from the time of filing the suit, and does this toll the statute, T.C.A. sec. 50-1003.

The trial judge, after hearing proof pro and con, found that the employee, Fields, was entitled to compensation. This finding was not questioned except it was very ably argued that the suit is barred under the statute (T.C.A. sec. 50-1003) because the suit was not filed within a year from the time of the injury or within a year from the time the last payments were made of compensation to a doctor for treating the injuries of the employee.

The suit was filed on March 13, 1965. The man was injured on June 3, 1963. At the time of his injury he was sent by the employer to a doctor selected by the company. This was found as a fact by the trial judge and is amply supported by the evidence. There is no question about the fact that Dr. Lowe was the employer's doctor. Dr. Lowe treated and saw this man several times thereafter and, after some weeks, referred him to another doctor in Nashville and he was placed in Vanderbilt Hospital and treated for the injuries he received on June 3, 1963. The bill of Vanderbilt Hospital was paid by the employer, but this was more than a year before suit was instituted. After returning to his home the employee was again treated by the company doctor on up to May 13, 1964, so the question thus presented is whether or not treatment of this employee by the company doctor in May, 1964, tolled the statute, hereinafter to be quoted. There is no showing that these bills for the treatment of this man up until May, 1964, or that the bill of the doctor to whom the company doctor had referred the man to in Nashville, had ever been paid. As a matter of fact the record is rather to the effect that these bills had not been paid by anyone.

The statute upon which this defense is based is T.C.A. sec. 50-1003, and reads, as follows:

"50-1003. *Limitation of time.*—The right to compensation under the Workmen's Compensation Law shall be forever barred, unless within one (1) year after the accident resulting in injury or death occurred the notice required by sec. 50-1002 is given the employer and a claim for compensation under the provisions of this law is filed with the tribunal having jurisdiction to hear and determine the matter; provided that, if

within said one (1) year period voluntary payments of compensation are paid to the injured person or his dependents, an action to recover any unpaid portion of compensation, payable under this law, may be instituted within one (1) year from the time the employer shall cease making such payments, except in those cases provided for by sec. 50-1024. [Acts 1919, ch. 123, sec. 24; Shan.Supp., sec. 3608a173; Code 1932, sec. 6874, Acts 1947, ch. 139, sec. 4, C.Supp. 1950, sec. 6874.]"

The section immediately following is, of course, T.C.A. sec. 50-1004, and provides as far as here applicable that:

"50-1004. *Medical attendance—Death benefits— Total liability of employer—Submission to physical examinations—Autopsy.*—For not exceeding one (1) year after notice of injury, the employer or his agent shall furnish free of charge to the employee such medical and surgical treatment, medicine, medical and surgical supplies, crutches, artificial members, and other apparatus, such nursing services as ordered by the attending physician and hospitalization, including such dental work made reasonably necessary by accident as herein defined, as may be reasonably required * * *"

Of course, this Section must be read in conjunction with T.C.A. sec. 50-1003, because here, after the man was injured, he was sent to the company physician, who began to treat him immediately and referred him to other physicians for treatment.

The argument presented so forcefully on behalf of the plaintiff in error is that there was no payment of these or other medical bills within a year before this suit was filed so as to bring the case within the purview of the

opinion of this Court in *Chandler v. Travelers Ins. Co.*, 212 Tenn. 199, 369 S.W.2d 390, wherein we held that the statute was tolled from the time of the payment of the medical bills for the petitioner. We held in that case that the time was extended in tolling the statute to the payment of the bills but not to the subsequent date of the last treatment that the doctors, to whom the man had been referred by the company doctor, had performed. We did not hold in the *Chandler* case that the date of the last treatment of the man could be used as a date upon which the statute could be tolled, but that the payment of the bill was the date which would be, and was looked to in that case, as the time of the tolling of the statute. In other words, if the employer paid the doctor of their selection for the treatments given the man the statute would start to run from the last payment, not necessarily the last treatment, because such a voluntary payment of medical bills was compensation within the meaning of the Act.

We now have the converse of this proposition wherein the bills have not been paid, yet presumptively they will eventually be paid by the employer because the doctors here were the doctors of the employer and not doctors of the employee, and thus we do not have any date when the bills were paid. It seems to us in reason and logic that it was the intention of the Legislature under T.C.A. sec. 50-1004, when the employer is required to render medical service and furnish various things as shown by the statute, above quoted, for a year after the injury, the employer is certainly liable for these medical expenses. Clearly, here this man was seen by the company doctor and treated within a year after he was injured. He was injured in June, 1963, and the last treatment as shown by this record by the company doctor was in May, 1964.

The reasoning of the Colorado court in *Frank v. Industrial Commission*, as reported in 96 Colo. 364, 43 P.2d 158, is applicable here. In the *Frank* case the Industrial Commission had held that the claim of the employee was barred under their Act for not having given notice within the time that the Act required the notice to be given, but the Supreme Court of Colorado in the *Frank* case, supra, held that this statute was tolled during the time that the employee was seeing the physician employed by the employer and exempted the employee from the requirement of serving the Industrial Commission with written notice for compensation within the six months as required by their Act. The court, among other things, said this:

"* * * The sole issue, as above stated, is whether under the facts of this case the furnishing of medical and hospital services removed the bar created by section 84 of the act. * * *

"* * * There is no doubt that, under the facts appearing in the record, the services rendered for the compensable injury here established by the evidence operated to avoid the bar of the statute. The company's contract recognized its liability to render, or to pay the expense of such services, and conferred upon its physician general authority for furnishing those services and supplies in all such cases. Hence, inasmuch as all the evidence shows that the claimant did sustain a compensable injury of which the company forthwith received actual notice and knowledge, the treatment given him fell within the class which, under both the statute and the contract, imposed upon the company unqualified financial responsibility. * * * This, so far as the claimant is concerned, was (at least under the facts shown herein) the exact equivalent of

payment; and he was thereby exempted from the requirement of serving the commission with written notice, because 'compensation has been paid' within the reasonable signification of those closing words of section 84, as heretofore held by this court. * * *

"* * * If any injury is compensable, the duty of the employer to provide medical and kindred relief at his own expense is absolute. It cannot be made to depend upon any requirement of payment of medical assessments by the employee. Such a requirement, in case of compensable injuries, would be unlawful."

Even though the statute in this *Frank* case, supra, is a different type of statute from that before us the reasoning should be the same. We find upon investigation a number of cases of similar import. Among the cases found in our investigation is that of *Oklahoma Furniture Mfg. Co. v. Nolen,* as reported in 164 Okl. 213, 23 P.2d 381, wherein the Oklahoma court used reasoning which to our mind is unanswerable under the facts and circumstances of the instant case. In this Oklahoma case the statute plead there read thus:

"The right to claim compensation under this Act shall be forever barred unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

The Oklahoma court said this:

"We are of the opinion that the furnishing of medical treatment recognizes liability and constitutes the equivalent of the payment of compensation, and is sufficient to toll the statute. We are unable to draw a legal distinction between the voluntary payment of compensation and the furnishing of medical treatment.

The reasoning permitting the one to toll the statute of limitations is applicable to the other. Both are indicative of the same thing, the recognition of liability. The petition to vacate the award is denied, and the award affirmed.''

In the instant case, as we said above, our Statute requires the furnishing of certain medical treatment and services to an employee who receives compensable injuries. There is no argument or debate in the instant case but that the employee did receive compensable injuries as found by the trial court herein. For these compensable injuries he was entitled under T.C.A. sec. 50-1004 to have certain medical services and things of the kind furnished him for a year after these injuries. This medical service was furnished him by the employer and as long as he accepted the services he was being voluntarily paid compensation as required by this Act and if suit is brought within one year from the last of these voluntary services by the employer then the statute is tolled during this period.

It seems clear to us that one furnishing these medical services recognizes liability and this is inconsistent with a denial of liability. It certainly amounts to the employer saying to the employee that liability is recognized and will be discharged or will be carried out by the employer without the technical requirement of a suit being filed within the statutory period.

Thus it is for the reasons above set forth, we must affirm the judgment of the trial court herein. It is thus affirmed.

## Opinion on Petition to Rehear

Counsel for the employer has filed herein a very dignified and forceful petition to rehear.

■ It is argued that the Court overlooked the fact that the bills for medical treatment were sent by the doctor to the employee and were not sent to the employer or accepted by the employer, and, this being true, we erred in holding that the treatment by the company physician within a year from the time the suit was filed did not toll the statute, because, by these bills being sent to the employee and not the employer, it shows that this service was done on behalf of the employee rather than the employer.

The record without question shows that the doctor who treated this man within a year from the time suit was filed was the doctor of the employer. There is nothing in this record to show that he was the doctor of the employee. If the employer intended to cut off the medical services of their doctor to this employee, the record should show this, the doctor should be so informed, and it should be shown by the proof that the employee then went to this doctor on his own. We again reiterate, under such a factual situation, as we said in the last paragraph of our original opinion, to-wit:

"It seems clear to us that one furnishing these medical services recognizes liability and this is inconsistent with a denial of liability. It certainly amounts to the employer saying to the employee that liability is recognized and will be discharged or will be carried out by the employer without the technical requirement of a suit being filed within the statutory period."

We tried in the original opinion to differentiate this case from the case of *Chandler v. Travelers Ins. Co.*, 212 Tenn. 199, 369 S.W.2d 390, and reached the conclusion, which to our mind is inescapable, that even though the bills have not been paid the mere fact that the doctor did the treating within the year distinguishes this case from the *Chandler* case. For the same reasons as liability was fixed in the *Chandler* case it was fixed here for doing the work not for paying the bills; in other words, the doctor, as far as this record shows, was employed by the employer, not the employee, and regardless to whom the bills were sent, the employer would be liable for the payment of these bills.

There is likewise an effort on behalf of the petitioner to distinguish cases from Colorado and Oklahoma, cited in our original opinion, from the case at bar. We did not say that these cases had the identical factual situation as here, but that the reasoning applied by the Supreme Courts of those states was applicable to the reasoning that should be applied on the factual situation of the instant case. Consequently, we think that they are very much in point and support the conclusion which we have reached.

Much of the petition to rehear is merely reargument of what was so ably presented in the original brief and at the bar of this Court. We are sorry we can't agree with that argument, but we are satisfied that the conclusion we reached in our original opinion is the correct conclusion.

For the reasons herein stated, the petition to rehear must be denied.