## STATE AUTOMOBILE MUTUAL INSURANCE CO., Appellant,

v.

### Burtis CUPPLES, Appellee.

Supreme Court of Tennessee.

April 24, 1978.

David R. Farmer, Jackson, for appellant.

George L. Morrison, Jackson, for appellee.

## OPINION

FONES, Justice.

Defendant appeals from a workmen's compensation award of thirty-five percent permanent partial disability to the body as a whole.

Defendant insists that this claim is barred by the statute of limitations and that there is no material evidence to support the award of permanent partial disability.

Suit was filed one year and four days after the date of the injury but within one year of the date of the last medical treatment.

Plaintiff was employed by a beer distributor insured by defendant when he injured his back picking up a keg of beer on November 13, 1975. The fact that the injury occurred in the course and scope of the employment was never questioned.

Plaintiff reported the injury to a superior who arranged to have plaintiff transported to a clinic. Plaintiff was not told to see any particular doctor and his employer had not designated three doctors in accord with the statute, T.C.A. § 50–1004. The manager of Central Distributing Company, the employer, testified that the choice of a doctor was left to plaintiff, and that "the company does not have a company doctor."

In *Fields v. Lowe Furniture Corp.*, 220 Tenn. 212, 415 S.W.2d 340 (1967), this Court held that where employee was under treatment by a doctor selected by the employer, the statute of limitations was tolled and began to run from the date of the last treatment by the company doctor without regard to whether or not the doctor's bill had been paid.

This case falls squarely within that rule; if the doctor selected by plaintiff, under the factual circumstances here, became the company doctor, to the extent that the employer was obligated to pay for his services under the workmen's compensation law.

In *Employers Insurance of Wausau v. Carter*, 522 S.W.2d 174 (Tenn.1975), we held that referring the employee to a single physician did not comply with the statute and justified employee's selection of a physician of her own choosing when she became dissatisfied with the single company designated doctor. See *Forest Products, Div. of Ludlow Corp. v. Collins*, 534 S.W.2d 306 (Tenn.1976). In *Smith v. Norris*, 218 Tenn. 329, 403 S.W.2d 307 (1966), this Court held that where employee notified employer that he was going to the hospital and was being treated by a doctor of his own selection and employer neither objected nor tendered its own choice of doctors, the employer was liable for employee's medical expenses.

 In the foregoing and many other cases this Court has construed various factual situations as implicitly authorizing the employee to select his own physician, and held the employer liable for the resulting medical treatment. Here, the employer expressly acknowledged that it had no company doctor and that it expressly authorized plaintiff to select his own physician. The

company and its insurer are therefore liable for the medical treatment provided and recommended by the doctor selected by plaintiff to the same extent as if the company had selected him.

 We have also held in many cases that where, as here, there is material evidence of work disability, in addition to a doctor's finding of permanent anatomical disability, this Court is without authority to change or alter the assessment of work disability determined by the trial judge.

Affirmed and remanded for enforcement of decree. Costs are adjudged against defendant.

HENRY, C. J., COOPER and HARBISON, JJ., and QUICK, Special Justice, concur.