ARGONAUT INSURANCE COMPANY, Appellant,

v.

Juanita V. WILLIAMS, Appellee.

Supreme Court of Tennessee.

May 7, 1979.

William A. Simms, Arnett, Draper & Hagood, Knoxville, for appellant.

Glen R. Claiborne, Daniel, Duncan & Claiborne, Thomas M. Cole, Daniel, Duncan & Claiborne, Knoxville, for appellee.

## OPINION

FONES, Justice.

In this workmen's compensation case, defendant insurance carrier, Argonaut Insurance Company, has appealed from the trial court's award of fifty percent permanent partial disability to the body as a whole to plaintiff, Juanita V. Williams, for injuries received while in the course of her employment as a nurse's aid at Blount Memorial Hospital. Defendant insists no material evidence exists upon which to base the award and that the limitation of time provisions of T.C.A. § 50–1003 bar the cause of action. We hold that there is material evidence to support the conclusions of the trial court on both issues, and affirm its judgment.

Plaintiff, age fifty-six with five years experience at the hospital, averred that on or about December 10, 1974, she was injured while pulling a bed with a heavy traction unit out of an intensive care ward, at which time she felt a "little ache." Although finishing her work shift that day, she was unable to get out of bed the following morning. She consulted her personal physician, Dr. Mandrell, on December 16, and he diagnosed a lumbar back strain, ordered lumbar spine x-rays, prescribed medication and told her to stay out of work for two weeks. At a December 31 follow-up visit, Dr. Mandrell evaluated the x-rays, which showed "mild osteoarthritis in the anterior margins of the mid- and lower lumbar vertebrae," and he told plaintiff to resume light work.

Following the December injury, plaintiff experienced intermittent episodes of pain, and as a result of a May 1975 lifting incident, missed two weeks of work. After a May 16 examination, Dr. Mandrell changed his diagnosis to degenerative joint disease, and he referred plaintiff to Dr. Smalley, an orthopedic surgeon, who in a June 17 examination diagnosed lumbosacral sprain and mild osteoarthritis of the lumbar spine. On June 18, 1975, plaintiff saw Dr. Phelan, employed by the hospital in occupational medicine, who allowed plaintiff to return to work based primarily on Dr. Smalley's recommendation. She again saw Dr. Phelan in June, July and August 1976, at which time Dr. Phelan prescribed physical therapy, recommended that she continue to see Dr. Smalley and advised that she not return to work. Plaintiff went to see Dr. Smalley on July 16, 1976, and Dr. Belknap on July 22, 1976, who conducted a limited orthopedic examination and made a prognosis of continued disability. Plaintiff has not worked at the hospital since July 1976, and continued to see Drs. Smalley, Belknap and Phelan after filing her lawsuit.

Plaintiff filed suit on September 6, 1976, against Aetna Insurance Company, the current insurance carrier, and then amended her complaint to include defendant, Argonaut Insurance Company, the carrier at the time of the December 1974 injury.

■ Defendant asserts that no material evidence exists to support a permanent partial disability award. It is familiar law in workmen's compensation cases that it is not the province of this Court to determine if the evidence preponderates in favor of the award, but only to determine from the record whether there is any material evidence upon which the trial court could have made its findings. E. g., Trane Co. v. Morrison, 566 S.W.2d 849, 851 (Tenn.1978). As an exception to this general rule, however, we have recognized that the permanency or causation of a compensable injury must be established by competent expert medical testimony. E. g., Floyd v. Tennessee Dickel Distilling Co., 225 Tenn. 65, 68, 463 S.W.2d 684, 686 (1971).

■ The trial court made the following factual findings:

"I think the plaintiff, Juanita Williams, who was an employee admittedly of Blount Memorial Hospital, suffered an injury on or about December 11th, 1974, which arose out of and in the course of her employment, a lumbar strain or low back injury, which continued to haunt her from then until now; I think that is the only injury she suffered; I think she still suffers from that injury, arthritis not withstanding. . . ."

This Court is bound by those findings if the record contains any material evidence to support them. Doctor Belknap deposed, "I believe that the disability actually began with the original injury of 1974." Although a finding cannot be predicated on medical testimony based upon subjective complaints alone, such is not the case here. *See Reynolds v. Liberty Mut. Ins. Co.*, 496 S.W.2d 890 (Tenn.1973). Doctor Belknap took into consideration not only the history related to him by plaintiff, but also past medical records, the course of symptoms and the tests he performed. The deposition of Dr. Phelan, who examined plaintiff over a two-year period, establishes without question the permanency of plaintiff's injury, for he assessed a fifteen percent permanent partial disability. Once the causation and permanency of an injury has been established by expert medical testimony, the trial judge may consider "many pertinent factors, including job skills, education, training, duration of disability, and job opportunities for the disabled, in addition to the anatomical disability testified to by medical experts." *Employers Ins. Co. of Ala. v. Heath*, 536 S.W.2d 341, 343 (Tenn.1976). Hence, there is material evidence to support the trial court's findings, both of causation and permanency. These findings are no less material because they are based upon the depositions of separate physicians rather than a single physician.

Defendant insists that the action is time-barred under T.C.A. § 50–1003 because the compensation claim was not filed within one year after the accident occurred or after voluntary payments of compensation ceased.

■ Doctor Phelan was employed and paid by plaintiff's employer, the Blount Memorial Hospital. The medical services provided by Dr. Phelan to plaintiff, in the circumstances of this case, constitute "voluntary payments of compensation" within the tolling provisions of T.C.A. § 50–1003. *Norton Co. v. Coffin*, 553 S.W.2d 751 (Tenn. 1977); *Universal Underwriters Ins. Co. v. A. J. King Lumber Co.*, 553 S.W.2d 749 (Tenn.1977); *Reed v. Genesco, Inc.*, 512 S.W.2d 1 (Tenn.1974); *Fields v. Lowe Furniture Corp.*, 220 Tenn. 212, 415 S.W.2d 340 (1967).

The trial court found that Dr. Phelan consulted with the plaintiff from December 11, 1974 through October 5, 1976. This finding is partly in error because he had been employed by the hospital only since June 1, 1975, and first saw plaintiff on June 18, 1975, after she had visited Drs. Mandrell and Smalley between her December 1974 injury and that date. Plaintiff did not see a doctor again until June 3, 1976, at which time she again consulted Dr. Phelan. Thus, it is necessary to determine whether the visits to Dr. Phelan tolled the one-year statute of limitations because they amounted to the voluntary payments of compensation under the savings proviso of T.C.A. § 50–1003.

In *Webb v. Rossville Home & Auto Supply Co.*, 483 S.W.2d 579, 581 (Tenn.1972), we held, "the payment of medical expenses by the employer for the physical examination of employee, made for the sole purpose of evaluating the alleged injuries, if any, the employee receiving no medical treatment or medicine, as a result therefor, does not operate to toll the statute of limitations. . . . ." In the case at bar, the trial judge ruled that Dr. Phelan provided treatment to plaintiff, and we find material evidence to support his conclusion. Doctor Phelan was engaged in the practice of occupational medicine, which he described as "medicine supplied to people working." During the 1976 visits, plaintiff testified, Dr. Phelan prescribed physical therapy and the use of a bed board. Doctor Phelan's own deposition, furthermore, establishes that during an August 17, 1976, visit, he told plaintiff to see Dr. Smalley again for further evaluation of her injuries. Under these circumstances, the evidence furnishes support for the trial judge's determination that the visits to Dr. Phelan were not mere back-to-work physical examinations and that in fact he had provided medical treatment. Since the *Webb* rule does not apply to the facts as found by the trial court, we must find that these visits were the equiva-

lent of voluntary payments of compensation during the periods in question and plaintiff's suit on September 6, 1976, was not barred by the statute of limitations.

The judgment of the trial court awarding fifty percent permanent partial disability is affirmed. Costs are adjudged against defendant.

COOPER, BROCK and HARBISON, JJ., and HUMPHREYS, Special Justice, concur.