Marion J. HUMPHREYS, Plaintiff-Appellee,

v.

ALLSTATE INSURANCE COMPANY, Defendant-Appellant.

Supreme Court of Tennessee, at Knoxville.

Feb. 16, 1982.

Francis I. Breazeale, Chattanooga, for defendant-appellant.

Charles C. Guinn, Jr., Athens, for plaintiff-appellee.

HARBISON, Chief Justice.

In this case the employer appeals from an award of worker's compensation benefits to an employee who had an admittedly serious compensable injury on July 25, 1977. Suit was not filed until March 11, 1980. The employer insists that the statute of limitations barred the claim. The Chancellor held that the statute had been waived by the employer and his insurance carrier. Substantial material evidence supports that conclusion, in which we concur, and we affirm the award made by the trial judge.

■ The award, however, does not appear to have included all of the medical expenses which the employee incurred as a result of his compensable injury. It is the duty of the courts to see that an employee receives all of the benefits to which he is entitled under the Worker's Compensation Act. *See* T.C.A. §§ 50–918, 1006. To this end, we remand the cause to the trial court to reconsider the issue of medical expenses and to allow the parties to present such additional evidence as may be necessary to reimburse the employee for all proper medical and other related expenses to which he is entitled under the statute.

Appellee and several other carpenters employed by a contractor, Danny Blevins, were injured when scaffolding on which they were working fell on July 25, 1977. Appellee sustained a skull fracture, several fractured ribs and numerous other serious injuries which have left him with a substantial permanent partial impairment, both physical and mental or psychological. The trial judge allowed forty percent permanent partial disability to the body as a whole, an award which was clearly justified under the evidence, both lay and medical.

■ The employee's injuries were such that his recuperation was slow, despite the fact that he returned to work on a limited basis during October 1977. The worker's compensation insurance carrier for the employer paid medical and hospital bills through November 14, 1978. Thereafter the insurer made no further payments, even of some bills which had been outstanding for a considerable period of time. This concerned both the employee and his employer Mr. Blevins. Mr. Blevins finally paid some of these bills himself in 1979, and two of them in January 1980, only a month before the suit was brought. He called upon the insurance carrier to reimburse him for these, but received no reply.

This, alone, probably was enough to toll the statute of limitations under T.C.A. § 50–1003, which expressly permits one year "from the time the employer shall cease making such payments. . . ." The employer and the insurance carrier are, of course, treated as one for most purposes under the Worker's Compensation Act, unless otherwise expressly provided. T.C.A. § 50–902(a).

Wholly apart from this, however, it is undisputed that counsel for the insurance carrier on several occasions during 1978 and 1979 had telephone conversations with Mr. Blevins and with appellee, and he wrote letters to the employee, indicating that the insurance carrier would be willing to effect a settlement, or to negotiate toward a settlement, of his admittedly substantial claim, at any time. The employee, in his last conversation with counsel, on February 22, 1979, advised counsel that it might be at least another year before he was in position to settle. Seemingly no objection was made

to that suggestion.[1] On that occasion counsel offered appellee Eight Thousand Dollars. He wrote a further letter in April 1979 stating that:

"... we look forward to hearing from you at anytime you feel comfortable in discussing settlement of your case."

Because the employee did not file suit or settle within one year from the date of the last payment by the insurance carrier, November 14, 1978, it is insisted that the statute of limitations has barred the claim. We do not think that this is a tenable position under this record. Even if the employer had not himself personally paid medical expenses attributable to the accident within one year from the date suit was filed, we agree with the trial judge that the insurance carrier waived the statute of limitations and is estopped to rely thereon.

The insurer was dealing with an uneducated, inexperienced lay person who had received serious injuries.[2] His employer was quite concerned about the employee's claim, because the insurance carrier had settled the claims of his other employees who were injured or killed in the 1977 accident. We find, as did the trial judge, that a lay person in the position of appellee would certainly have expected that the insurance carrier was not planning to place a time limit upon settlement negotiations or to invoke any statutory period for suit, in view of the letters and telephone conversations shown in the record. If the insurance company wished to start the statute of limitations running in this case, it, or its counsel, could and should have so stated in much more specific language than was used.

Nothing in this opinion is intended in any way to reflect upon the integrity or good faith of counsel. Nevertheless we find abundant evidence to support the conclusion of the trial judge that the statute of limitations had not expired when this suit was filed and that the insurance carrier has not discharged its responsibilities to this injured employee, who sought and required substantial additional medical treatment and evaluation during the spring and summer of 1980 as shown by the medical depositions on file.

The trial judge expressed some uncertainty at the hearing as to how long the employer was required to furnish medical expenses. Prior to 1973 this requirement expired after one year. In 1973 the time limit was extended to three years,[3] and in 1977 was made indefinite in duration.[4] Substantial medical expenses are claimed by appellee in the record, and it appears that the employer has not paid any of those incurred after November 1978 and probably not some of those which had been incurred prior to that time. For that reason, as previously stated, the cause is remanded with directions to reopen the proof and to allow the parties to offer evidence, if they cannot otherwise agree, upon all of the medical expenses and any other related expenses to which the employee may be legally entitled under T.C.A. § 50–1004.

The judgment of the trial court, as modified, is affirmed at the cost of appellant. The cause is remanded to the trial court for such further proceedings as may be necessary.

FONES, COOPER, BROCK and DROWOTA, JJ., concur.

1. It is the insistence of counsel that he thought appellee was still seeing a doctor at this time, when, in fact, he was not doing so. The insurer, however, surely knew whether it was receiving bills from the doctor, and it could have ascertained from the doctor whether appellee had reached maximum recovery.

2. The employer was advised by the insurer's counsel that if appellee obtained an attorney, he would probably have to pay a fee of twenty percent of any recovery, and that he might net less than if he settled directly. The employer accordingly advised appellee that he did not need an attorney. Mr. Blevins expressed great concern when he learned that appellant intended to invoke the statute of limitations in this case.

3. Tenn.Pub.Acts 1973, ch. 379.

4. Tenn.Pub.Acts 1977, ch. 417.