**Carolyn BLOCKER, Plaintiff-Appellant,**

v.

**REGIONAL MEDICAL CENTER AT MEMPHIS and United States Security Insurance Companies, Defendants-Appellees.**

Supreme Court of Tennessee,
at Jackson.

Jan. 5, 1987.

Lewie R. Polk, III, Mark Allen, Gerber, Gerber, and Agee, Memphis, for plaintiff-appellant.

H. Fredrick Zimmermann, Armstrong, Allen, Braden, Goodman, McBride, and Prewitt, Memphis, for defendants-appellees.

OPINION

DROWOTA, Justice.

The sole issue presented by this Worker's Compensation appeal is whether the statute of limitations, T.C.A. § 50–6–203, bars Plaintiff's action. The trial court granted Defendants' Motions to Dismiss on the basis of this defense. Plaintiff, Carolyn Blocker, has appealed the trial court's decision in favor of Defendants, Regional Medical Center at Memphis and U.S. Security Fire & Casualty Insurance Companies.

This case comes to this Court in the posture of a summary judgment. Rule 12.-02(6), T.R.C.P. Thus the standard of review is that provided for Rule 56, T.R.C.P. In determining whether Rule 56, T.R.C.P., has been correctly applied,

> "this Court views the pleadings, depositions, answers to interrogatories, admissions, and competent affidavits in a light most favorable to the opponent of the motion. Likewise, all legitimate conclusions from the record should be drawn in favor of the opponent of the motion."

*Price v. Mercury Supply Co., Inc.,* 682 S.W.2d 924, 929 (Tenn.App.), *permission to appeal denied* (Tenn.1984) (citations omitted). *See also Poore v. Magnavox Co. of Tennessee,* 666 S.W.2d 48, 49 (Tenn.1984). Moreover, "[t]he burden is on the moving party to show the absence of a genuine issue as to any material fact and that movant is entitled to judgment as a matter of law." *Jones v. Home Indemnity Insur-*

*ance Co.,* 651 S.W.2d 213, 214 (Tenn.1983). Nevertheless, the opponent of the motion may not rest solely upon the allegations of the pleadings and must come forward with some showing to dispute the movant's assertions. *See Kelton v. Snell,* 689 S.W.2d 186, 188 (Tenn.App.), *permission to appeal denied* (Tenn.1985); *Price v. Mercury Supply Co., Inc., supra,* at 929. *See also* Rule 56.05, T.R.C.P. "When weighing such a motion, if the mind of the court entertains any doubt whether or not a genuine issue exists as to any material fact it is its duty to overrule the motion." *Poore v. Magnavox Co. of Tennessee, supra,* at 49 (citation omitted).

The pleadings in this case were commenced with the Complaint filed on March 4, 1985. Plaintiff alleged that she had suffered a work-related injury to her arm on April 22, 1982. On April 8, 1985, Defendants filed their Motions to Dismiss, alleging that while the injury was suffered on April 22, 1982, the last voluntary payment of benefits was made January 3, 1983, and thus the statute of limitations had run on Plaintiff's claim. These Motions were supported by the affidavit of Richard Smart, a claims adjuster for the insurer. Mr. Smart stated that all benefits for this compensable injury had been paid and that the last such payment was made on January 3, 1983. Subsequently, on April 19, 1985, Plaintiff filed a Motion to Amend the Complaint to reflect that the original injury of April 22, 1982, had been treated continuously from that date by a company designated physician and had been aggravated or reinjured on October 28, 1983. Plaintiff's Response to Defendants' Motions to Dismiss was filed on April 30, 1985. Plaintiff alleged that she had undergone a continuous course of medical treatment for her injury and had received temporary total disability benefits during the periods in which she was unable to work; she also stated that her medical treatment had been provided by a physician to whom the Defendants made payments of worker's compensation benefits and to whom she had been referred by Defendants. She continued under this physician's care and had last seen him recently. She further averred that this injury had been subsequently aggravated or reinjured after she returned to work on November 10, 1982. This pleading was supported by the affidavits of Plaintiff and her trial attorney. Plaintiff stated that she had last seen the employer designated physician for treatment of her injury in April, 1985. Plaintiff's attorney stated that he had received a letter, dated February 22, 1985, from Mr. Smart; the attached letter from the Defendant insurer conceded that the injury of October 28, 1983, had been compensable and may have been related to the April, 1982, injury, but Mr. Smart asserted the Defendants' reliance on the statute of limitations. Plaintiff had returned to work after the October, 1983, incident on January 9, 1984. On June 28, 1985, a consent order was entered allowing Plaintiff to amend her Complaint.

In response to Plaintiff's Interrogatories, filed April 30, 1985, Defendants filed Answers on July 9, 1985, stating that two injuries may be involved, one reported in April, 1982, and the other in October, 1983. Supplemental affidavits were subsequently filed on September 19, 1985, in support of Defendants' pending Motions to Dismiss. Beverly Beasley, a patient representative in the office of the treating physician to whom Defendants had referred Plaintiff, stated that Plaintiff had been seen in the office after January 5, 1984, but these visits had not been paid for by Defendant insurer; rather, they had been paid for by Blue Cross-Blue Shield. The last payment by Defendant insurer was for the office visit of January 5, 1984. Cindy McGrath, a claims adjuster for the insurer, stated that she had processed Plaintiff's October, 1983, worker's compensation claim. Plaintiff had been paid temporary total disability benefits until January 9, 1984; the last payment of medical expenses had been made on January 26, 1984. Ms. McGrath further stated that Defendant had not paid additional benefits after January 26, 1984. A second affidavit of Mr. Smart reiterated that the insurer had not voluntarily paid worker's compensation benefits for the

April, 1982, injury since January 3, 1983. On November 15, 1985, following a hearing, the trial court entered an order dismissing Plaintiff's action as barred by the statute of limitations. Plaintiff then filed a timely Notice of Appeal.

A Worker's Compensation appeal from a summary judgment is not controlled by the material evidence rule; it is governed by Rule 56, T.R.C.P. If any material evidence indicates that a genuine issue of material fact exists, summary judgment is inappropriate. Particularly in certain kinds of cases summary judgment should be entered cautiously, and this Court has previously emphasized that "questions involving the commencement of the statute of limitations in worker's compensation cases most often are factual in nature." *McLerran v. Mid-South Stone, Inc.*, 695 S.W.2d 181, 182 (Tenn.1985). *See also Hibner v. St. Paul Mercury Insurance Co.*, 619 S.W.2d 109, 110 (Tenn.1981) ("The determination of the time the statute of limitations begins to run often is troublesome, not from the standpoint of what triggers the running of the statute but from a factual standpoint.").

In this case, Defendants contend that no facts exist to toll the running of the one year statute from the date of the last voluntary payment of compensation and that no genuine issue of material fact exists on this record. Defendants also assert that the cases do not require that the employee have actual knowledge that the employer has ceased providing voluntary payments of compensation. In any case, Plaintiff offered no evidence that she didn't know of the employer's decision to cease making voluntary provision of compensation.

Cases involving substantially the same issues and circumstances as those presented here have been decided repeatedly by this Court. These cases often entail the factual issue of when or whether the employer or insurer effectively ceased providing voluntary compensation. *See, e.g., Lusk v. Consolidated Aluminum Corp.,* 655 S.W.2d 917, 919–920 (Tenn.1983); *Crowder v. Klopman Mills,* 627 S.W.2d 930, 932 (Tenn.1982); *Argonaut Insurance*

*Co. v. Williams,* 580 S.W.2d 784, 786 (Tenn.1979); *State Automobile Mutual Insurance Co. v. Cupples,* 567 S.W.2d 164, 165 (Tenn.1978); *Bellar v. Baptist Hospital, Inc.,* 559 S.W.2d 788, 789–790 (Tenn. 1978); *Universal Underwriters Insurance Co. v. A.J. King Lumber Co.,* 553 S.W.2d 749, 750 (Tenn.1977); *Norton Co. v. Coffin,* 553 S.W.2d 751, 752–753 (Tenn.1977); *Union Carbide Corp. v. Cannon,* 523 S.W.2d 360, 362 (Tenn.1975); *Brewer v. Pocahontas Fuel Co.,* 221 Tenn. 130, 134, 425 S.W.2d 582, 585 (1968); *Fields v. Lowe Furniture Corp.,* 220 Tenn. 212, 216–217, 415 S.W.2d 340, 341–343 (1967). More importantly, while actual knowledge that voluntary payments have been terminated is not necessarily required, the cases consistently depend upon the conduct of the parties and what the employee knew or should have known in the circumstances. *See, e.g., Banks v. St. Francis Hospital,* 697 S.W.2d 340, 342 (Tenn.1985); *Jones v. Home Indemnity Insurance Co.,* 679 S.W.2d 445, 446 (Tenn.1984); *Osborne v. Burlington Industries, Inc.,* 672 S.W.2d 757, 760 (Tenn.1984); *Lusk v. Consolidated Aluminum Corp., supra,* at 919–920; *Crowder v. Klopman Mills, supra,* at 932–933; *Humphreys v. Allstate Insurance Co.,* 627 S.W.2d 933, 934–935 (Tenn.1982); *Hibner v. St. Paul Mercury Insurance Co., supra,* at 110–111; *Bellar v. Baptist Hospital, Inc., supra,* at 789; *Norton Co. v. Coffin, supra,* at 752; *Union Carbide Corp. v. Cannon, supra,* at 363–364; *Fields v. Lowe Furniture Corp., supra,* 220 Tenn. at 217–218, 415 S.W.2d at 342–343. *Cf. Ryan v. Lumberman's Mutual Casualty Co.,* 485 S.W.2d 548, 550 (Tenn. 1972) (Where employee was unequivocally informed by letter that his worker's compensation claim had been denied, statute of limitations would bar recovery.). Further, although mere referral by the employer of the employee to a physician for evaluation or examination is not of itself voluntary provision of compensation, the expenses of medical care or treatment actually rendered by a designated physician to whom the employee has been referred by the employer need not be paid in fact to constitute

voluntary compensation within the meaning of T.C.A. § 50–6–203. *See, e.g., Crowder v. Klopman Mills, supra,* at 932; *Argonaut Insurance Co. v. Williams, supra,* at 786–787; *State Automobile Mutual Insurance Co. v. Cupples, supra,* at 165; *Bellar v. Baptist Hospital, Inc., supra,* at 790; *Fields v. Lowe Furniture Corp., supra,* 220 Tenn. at 216–217, 415 S.W.2d at 343.

Not only must an employee know or have reason to know the nature and extent of the injury to be able to make a claim for benefits under the Worker's Compensation Act, but the employee must also know or have reason to know whether the employer or insurer is refusing to make any voluntary provision of compensation to be able to protect his rights under the act. Until the employee knows or has reason to know these things, the statute of limitations does not begin to run on the claim. Otherwise, an employer or insurer could surreptitiously start the statute of limitations running, first by making some voluntary payments of compensation, and then, subsequently, without informing the employee of its decision, either withhold further compensation payments or change the source of payments, all the while allowing the employee to continue to see an employer designated physician for treatment and lulling the employee into sleeping on his rights until too late. Such a result would defeat the remedial purposes of this statutory scheme. *See* T.C.A. § 50–6–116. On the contrary, this Court has required that where benefits have been paid from a source other than worker's compensation but the employee reasonably believed that worker's compensation was being provided, then "if the defendant employer desired to insist that the payments thus made were not worker's compensation benefits, good conscience required that it speak out at the time and make that fact known to the plaintiff in no uncertain terms." *Lusk v. Consolidated Aluminum Co., supra,* at 920–921. *See also Humphreys v. Allstate Insurance Co., supra,* at 935 ("If the insurance company wished to start the statute of limitations running in this case, it, or its counsel,

could and should have so stated in much more specific language than was used."). The employer or insurer have a clear duty to inform the injured employee adequately of its intentions regarding a claim so that the employee may act in a timely manner to protect his rights under the Worker's Compensation Act. *Cf. Ryan v. Lumberman's Mutual Casualty Co., supra* (Letter to employee clearly denied the claim.).

In this case, the pleadings, affidavits, and answers to interrogatories cannot substitute for a trial on the merits. The requirements of Rule 56, T.R.C.P., are not satisfied. Several issues of fact are either raised or wholly unaddressed by the affidavits in this case. For example, the relationship, if any, between the accident of April, 1982, and the October, 1983, claim is not clear. Drawing all legitimate inferences in favor of the opponent to the motion, as we are required to do, we have concluded that several genuine issues as to material facts are presented; moreover, we do not think this case was in a posture to make summary judgment appropriate because doubt remains regarding whether there are unresolved issues of fact. *See Poore v. Magnavox Co. of Tennessee, supra,* at 49; Rule 56.05, T.R.C.P. Defendants' affidavits filed in support of their Motions to Dismiss leave unresolved whether the compensation voluntarily paid was in fact last paid on January 3, 1983, as stated by Mr. Smart, or was last paid on January 9, 1984, as stated by Ms. McGrath. Although benefits for allegedly separate claims in April, 1982, and October, 1983, respectively, the Plaintiff has alleged and sufficiently shown a possible relationship between these claims or injuries. The bare and conclusory allegations of the affidavits do not show that Plaintiff had sufficient reason to know or in fact knew that the expenses for medical services rendered after January, 1984, were being paid by Blue Cross-Blue Shield rather than from the Worker's Compensation policy:

"The matter has not been well developed ... but the insurer or the employer cannot stand silent in the face of the evi-

dence ... offer no explanation and simply rely upon the last date of actual payment as a defense. The voluntary furnishing of medical services, whether paid for or not, is sufficient to toll or waive the statute of limitations."

*Crowder v. Klopman Mills, supra,* at 933 (citation omitted).

Issues involving subjective knowledge and the reasonableness of conduct are not often appropriate for summary judgment, although some instances do involve circumstances so clearly revealing that the employee knew or should have known that the claim was denied that summary disposition would be suitable. *See, e.g., Ryan v. Lumberman's Mutual Casualty Co., supra.* In its present posture, this case leaves several issues of fact unresolved. As the Court of Appeals observed in *Price v. Mercury Supply Co., Inc., supra,* "any dispute over material facts or even an uncertainty as to whether there are disputed material facts will render granting a summary judgment improper." 682 S.W.2d at 929 (citations omitted).

Accordingly, Defendants have not met their burden under Rule 56, T.R.C.P. We have concluded that genuine issues of material fact are presented. All the facts and circumstances need to be more fully developed and considered before this case can be resolved; thus, summary judgment was not appropriate. We express no opinion regarding the ultimate merits of Plaintiff's contentions but she is entitled to a trial.

We reverse the judgment of the trial court and remand the case for further proceedings. The costs are taxed to Defendants.

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.