# IN THE COURT OF APPEALS OF TENNESSEE
## MIDDLE SECTION AT NASHVILLE

PAUL GLEN DRAPER,       )
                             )

     Plaintiff/Appellant,     )

                             )    Davidson Circuit
                             )    No. 95C-3755

VS.                        )

                             )    Appeal No.
                             )    01A01-9609-CV-00394

CURT REAVER and       )
RICHARD ALAN TACEY, JR.,   )

                             )

     Defendants/Appellees.   )

**FILED**

**April 23, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

## OPINION ON PETITION FOR REHEARING

Curt Reaver has filed a petition for rehearing pursuant to Tenn. R. App. P. 39 requesting this court to reconsider the portion of its April 11, 1997 opinion vacating the trial court's summary judgment dismissing Paul Draper's property damage claim against him. He correctly points out that our earlier opinion did not specifically address his defense that his collision with Mr. Tacey's vehicle did not cause property damage to either Mr. Draper or his vehicle. We grant the petition for the purpose of addressing this issue.

### I.

Mr. Reaver's February 8, 1996 motion for summary judgment asserted that Mr. Draper's complaint failed to state a claim for property damage upon which relief could be granted and that Mr. Draper's personal injury claim was barred by the statute of limitations. Mr. Reaver asserted in his affidavit supporting the motion that two collisions occurred on October 22, 1994 (the first between the Draper and Tacey vehicles and the second between the Reaver and Tacey vehicles) and that

> Neither my vehicle nor the Tacey Vehicle touched, hit,
> or otherwise came into contact with or caused damage

to the Draper Vehicle as a result of this second collision.

In response, Mr. Draper filed an affidavit stating that

Shortly after I exited my vehicle, an automobile driven by Curt Reaver collided with either my vehicle and/or Mr. Tacey's vehicle and as a result of the force of the impact of this second collision, I was hit by either the Reaver vehicle or the Tacey vehicle or both as I stood beside the guard rail at the roadside.

The trial court's order granting the summary judgment recites that there are no genuine issues of material fact and that Mr. Reaver is entitled to a judgment as a matter of law. While the order does not state that it was acting on both grounds of Mr. Reaver's motion, we can reasonably presume that it did.

Motions for summary judgment should not be granted when there are material factual disputes. Tenn. R. Civ. P. 56.03. Because motions for summary judgment are not intended to be substitutes for a trial of disputed factual issues, *Blocker v. Regional Medical Ctr.,* 722 S.W.2d 660, 660-61 (Tenn. 1987), the courts must view the evidence in the light most favorable to the non-moving party, *Haynes v. Hamilton County,* 883 S.W.2d 606, 613 (Tenn. 1994), and must also draw all reasonable inferences in the non-moving party's favor. *Pittman v. Upjohn Co.,* 890 S.W.2d 425, 428 (Tenn. 1994). The courts should not affirm a summary judgment if any doubt or uncertainty exists with regard to the material facts or the conclusions to be drawn from the facts. *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

The affidavits submitted by Messrs. Draper and Reaver create a genuine uncertainty with regard to the occurrences on October 22, 1994. Even though Mr. Reaver categorically denies that either his vehicle or Mr. Tacey's vehicle struck Mr. Draper's vehicle, Mr. Draper asserts that Mr. Reaver's vehicle collided either with his vehicle or with Mr. Tacey's vehicle and that either Mr. Tacey's vehicle or Mr. Reaver's vehicle struck him. Mr. Draper's uncertainty goes to the weight of his testimony, and it is not the court's prerogative to weigh the testimony at the summary judgment stage.

Mr. Draper's affidavit does not exclude the possibility that Mr. Reaver's vehicle struck him and his vehicle. Accordingly, the record contains genuine uncertainty concerning whether or not Mr. Reaver's vehicle struck Mr. Draper or his automobile. With the proof in this state, the trial court should not have summarily dismissed Mr. Draper's property damage claim against Mr. Reaver.

## II.

We vacate the portion of the summary judgment dismissing Mr. Draper's property damage claim for the reasons stated herein as well as for the reasons stated in our April 11, 1997 opinion. We also tax the costs of this petition for rehearing against Curt Reaver for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
HENRY F. TODD, P.J., M.S.

_____
SAMUEL L. LEWIS, JUDGE