IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 31, 2007 Session

## CHARLES JONES, ET AL. V. KITE/CUPP LEGENDS GOLF DEVELOPMENT CO., ET AL.

### Appeal from the Circuit Court for Williamson County
No. 05120    Russ Heldman, Circuit Judge

### No. M2006-01988-COA-R3-CV - Filed September 21, 2007

In this case, the plaintiff, Charles Jones, stepped onto a wooden bench while playing a round of golf at Vanderbilt Legends Club of Tennessee (Legends), a golf course owned by the defendant, Kite/Cupp Legends Golf Development Co. (Kite). The bench overturned and Mr. Jones fell sustaining significant injuries. Mr. Jones brought a premises liability suit against the golf course alleging that it was negligent by failing to have secured the bench to the concrete slab on which it was sitting or by failing to have warned players it was not so secured. Kite filed a motion for summary judgment which was granted by the trial court. We find there are genuine issues of material fact, and so we reverse.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed**

DONALD P. HARRIS, SR.J., delivered the opinion of the court, in which ALAN E. HIGHERS, J., and HOLLY M. KIRBY, J., joined.

Brian Patrick Dunigan, Timothy L. Bowden, Goodlettsville, Tennessee, for the appellant, Charles Jones.

Wendy Lynne Longmire, Nashville, Tennessee, for the appellee, Kite/Cupp Legends Golf Development Co.

### OPINION

On December 8, 2004, Charles Jones, was playing a round of golf at the Legends, a golf course located in Franklin, Williamson County, Tennessee. He approached the thirteenth hole which had a creek that twice crossed the fairway and lay beyond some shrubbery. There was a bench located near the thirteenth tee. It was made of wood and had four legs made of four-by-four timbers. The bench sat on a concrete slab to which it was not secured. In order to get a better view of the fairway and approach to the green, Mr. Jones attempted to step onto the bench. He testified, by way of deposition, that he thought the bench was secured to the concrete slab. As he stepped up with his

left foot, the bench flipped forward and Mr. Jones fell onto the concrete slab, landing on his face and arms. He broke his nose and both wrists and also suffered substantial bleeding from his face.

During discovery, the attorney for Kite deposed a number of witnesses with knowledge of the facts involved in the case. One of those witnesses, Benny Dale Randolph, who had played golf for over thirty years, testified he had seen a number of people stand on benches at golf courses. He himself had stood on benches in order to see if golfers were off the green or things of that nature. Both Mr. Randolph and another non-party witness, Robert Andrew Templeton, stated their opinions that the benches were dangerous because the were not bolted down or secured to the concrete slab.

Kite filed a motion for summary judgment. In its motion, Kite alleged Mr. Jones had failed to offer evidence that the bench in question was dangerous or unsafe because it was safe for sitting. Kite had no duty to warn its patrons about conditions that were not dangerous or unsafe. Finally, Kite argued that the facts clearly showed Mr. Jones was more than fifty percent at fault and, therefore, it should be granted summary judgment.

The trial court granted Kite's motion for summary judgment. The order granting summary judgment states:

> The Court ruled that as a matter of fact the Plaintiff was using the bench for an unintended purpose, and that as a matter of law, Defendant's motion for summary judgment was appropriate and should be granted.

Mr. Jones has appealed.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, demonstrate that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; Penley v. Honda Motor Co., 31 S.W.3d 181, 183 (Tenn. 2000); Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993). Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been met. Penley, 31 S.W.3d at 183; Staples v. CBL & Assocs., Inc., 15 S.W.3d 83, 88 (Tenn. 2000); Seavers v. Methodist Med. Ctr., 9 S.W.3d 86, 90-91 (Tenn. 1999). Courts should "grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a reasonable person to reach only one conclusion." Staples, 15 S.W.3d at 89; Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). In reviewing the record to determine whether summary judgment requirements have been met, we must view all the evidence in the light most favorable to the non-moving party. Penley, 31 S.W.3d at 183; Eyring v. Fort Sanders Parkwest Med. Ctr., 991 S.W.2d 230, 236 (Tenn. 1999); Byrd, 847 S.W.2d at 210-11.

Summary judgment proceedings are clearly not designed to serve as a substitute for the trial of genuine and material factual matters. Byrd, 847 S.W.2d at 210; see also Blocker v. Regional Med.

Ctr, 722 S.W.2d 660, 663 (Tenn. 1987). The trial court should overrule the motion where a genuine dispute exists as to any material fact. Byrd, 847 S.W.2d at 211. A fact is material if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. Id.

To establish negligence, one must prove: (1) a duty of care owed by defendant to plaintiff; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) an injury or loss; (4) cause in fact; and (5) proximate, or legal, cause. Cohn v. City of Savannah, 966 S.W.2d 34, 39 (Tenn. 1998); McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). The formulation of a duty of care is a question of law for the court. McClung v. Delta Square Ltd. Pshp., 937 S.W.2d 891, 894 (Tenn. 1996).

In a premises liability case, an owner or occupier of premises has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. Rice v. Sabir, 979 S.W.2d 305, 308 (Tenn. 1998). The duty includes the responsibility to remove or warn against latent or hidden dangerous conditions on the premises of which one was aware or should have been aware through the exercise of reasonable diligence. Id., Eaton v. McLain, 891 S.W.2d 587, 593-94 (Tenn. 1994). Although the traditional rationale for imposing this duty was the owner's superior knowledge of conditions on the premises, a duty may exist even where the injury-causing condition is "open and obvious" to the plaintiff. Cohn, 966 S.W.2d 34, 43 (Tenn. 1998).

A condition of property is unreasonably dangerous and imposes a duty of care if the foreseeable probability and gravity of harm posed by it outweigh the burden upon the defendant to engage in corrective measures that would prevent the harm. Cohn, 966 S.W.2d at 37; McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995). Applying this analysis, if the foreseeability and gravity of harm posed by the condition of defendant's property outweigh the burden upon the defendant to remove or correct the condition or warn of its existence, the defendant has a duty to act with reasonable care and comparative fault principles apply under McIntyre v. Balentine, 833 S.W.2d 52 (Tenn. 1992). Cohn, 966 S.W.2d at 37.

In our view, the trial court erroneously focused its determination on the misuse of the bench for standing rather than whether such use of the bench was foreseeable. Where the misuse of an object on the owner's premises is foreseeable, the owner has an obligation to balance the dangers associated with such misuse against the burden of preventing the misuse or making it safe for that use. Thus, in Turner v. Tennessee Tex. Express, Inc., No. 02A01-9310-CV-00226, 1994 WL 482135 (Tenn. Ct. App. September 2, 1994), this court approved a jury verdict in favor of the plaintiff in a case involving the misuse of a wooden pallet. In that case, a truck driver, dispatched to pick up freight, backed his truck up to the owner's loading dock. He entered the building by walking up a wooden pallet leaning against the loading dock in order to pick up his freight and paper work. He then attempted to exit by way of the pallet but it slipped out from under him and he fell to the ground injuring his back and neck. The truck driver observed other drivers using the pallet for entry and stated there were about three such pallets around the dock. There were also steps by which one could ascend and descend from the loading dock. This court held those circumstances presented a proper case to submit to the jury on the principles of comparative fault. Id. at *3-4.

-3-

In the present case, a non-party witness, Benny Dale Randolph, testified, by way of deposition, that in his thirty years of golfing, he had seen a number of people standing on benches at golf courses and had stood upon them himself in order to determine whether there were other players on the course ahead. He and another non-party witness, Robert Andrew Templeton, testified that the benches were dangerous because they were not anchored or bolted down.[1] This testimony along with that of Mr. Jones, in our view, creates a genuine issue as to whether such use of the benches was or should have been foreseeable by the owners of the golf course and whether they presented a risk of harm when used in that fashion. These issues are material to a determination of this case under the principles of comparative fault, as outlined above.

Kite also urges that summary judgment was appropriate because reasonable minds could not differ that Mr. Jones was more than fifty percent at fault. The trial court did not expressly make that determination and we decline to do so based upon the record before us. In our view, the issue of who was more at fault in this case will depend upon whether the trier of fact finds Kite had a duty of care based upon its determination of the foreseeability issues, set forth above. If a duty is found, a determination would then have to be made as to whether Kite breached that duty of care. If Kite is found to have violated its duty of care, the extent of that violation could then be compared with any negligence of Mr. Jones. Whether Mr. Jones was negligent or the degree of such negligence, might depend, in part, upon a consideration of the reasonableness of his assumption the bench was anchored in some fashion. Based upon the record before us, the issue of who was more at fault is susceptible of more than one conclusion.

We reverse the judgment of the trial court granting partial summary judgment to Kite. This matter is remanded to the trial court for further proceedings consistent with this opinion. The costs of this appeal are assessed to the Kite/Cupp Legends Golf Development Co.

_____
DONALD P. HARRIS, SENIOR JUDGE

---

[1] While Mr. Randolph and Mr. Templeton were regular golfing partners with Mr. Jones, our standard of review in evaluating a trial court's action with regard to a motion for summary judgment requires that we accept their testimony as true, and we cannot discount their testimony on that basis, as suggested by Kite.