E. W. TERRY *v.* JOHN CLARK et als.

SUPREME COURT. *Jurisdiction. Writ of possession before hearing.*
The Supreme Court has no jurisdiction to award a writ of pos-
session on a decree of the Chancery Court, nor on its own
order, except after a hearing and decision on the merits.

FROM PUTNAM.

Application for writ of possession.

COOPER, J., delivered the opinion of the Court.

The original bill was filed by Terry against
Clark and Baldwin and wife, to enforce the ven-
dor's lien on a tract of land sold by Baldwin and
wife to Clark, for the satisfaction of one of the
notes of Clark given for the purchase money,
which had been assigned by Baldwin and wife to
complainant.

Clark answered the bill, filing his answer as a
cross bill, and stated that he had bought the land
in good faith, under the representations of Baldwin
and wife that the title was good, had paid a large
part of the purchase money, and made valuable
improvements. He averred that Baldwin and wife
had no title, by reason of a defective conveyance

from J. B. Terry and Amanda, his wife, under whom Baldwin and wife claimed, and for other reasons. He stated also that Peyton Pearson and Tilman Pullen each held one of the notes given for the purchase money of the land, on which he had made payments. In addition to the original parties to the suit, he made Terry and wife, Pearson and Pullen defendants, and asked that the title to the land be perfected, and if this could not be done, that the sale be rescinded, and he be repaid his purchase money and the value of his improvements.

Baldwin and wife, together with Pearson, answer Clark's cross bill, and file the answer as a cross bill against Terry and wife. Baldwin and wife admit representing to Clark that they had a good title, and say they thought they had. They are willing to acknowledge the title bond to Clark in due form, and seek to perfect their title by the cross bill against Terry and wife. Pearson asks that his note be paid if the land is sold.

Pullen answers Clark's cross bill, and files his answer as a cross bill against all parties, to enforce his lien for the payment of the purchase note held by him.

The Chancellor dismissed the original bill, and the cross bills of Baldwin and wife, Pearson and Pullen, and rescinded the sale to Clark, upon his cross bill, giving him a decree for his payments and improvements, which were made a lien on the land. There was a reference to take the

necessary accounts, and the Court directed a writ of possession to issue to put Baldwin and wife in possession of the land, subject to Clark's lien.

From this decree "complainant prays an appeal, which to him is granted upon his giving bond," etc.

All the complainants in the original and cross bills, except Clark, seem to have construed this prayer to include them, and they join in the appeal bond.

At the last term, Baldwin and wife and Pearson seem to have dismissed their appeal, and Baldwin and wife obtained an order that a writ of possession issue from the Chancery Court to put them in possession of the land.

The Clerk and the Chancellor decline to issue the writ, and an application is now made that the writ issue from this Court.

The order at the last term was made upon the suggestion of counsel that the failure of Clark to appeal, and the dismissal by Baldwin and wife of their appeal, left the decree of the Court below, as between Baldwin and wife and Clark, in full force.

In that view, if correct, the applicants, Baldwin and wife, were entitled to apply to the Chancery Court for a writ of possession without any order of this Court. Nor is it seen how this Court could make any order in the premises. If the appeal of Terry and Pullen vacated the decree of the Chancery Court, and brought the whole litiga-

Terry *v*. Clark.

tion into this Court for a trial *de novo*, then it is very clear that this Court would have no power to order a writ of possession to issue in favor of one of the parties without a decision of the cause in favor of that party on the merits. The writ of possession is only the execution of the final decree. If, on the other hand, the case is not brought up to this Court by the appeal as between Baldwin and wife and Clark, it remains in that Court, and the decree can only be executed there. This Court clearly has no jurisdiction to execute a decree of the Chancery Court. In either view, therefore, we have no power in the premises.

The order of the last term was improvidently made, and must be rescinded, and the present application refused.