William KELTON, Plaintiff-Appellant,

v.

Craig SNELL, Sheriff of Rutherford County, and Jo Ann Arnold, Clerk and Master of Rutherford County, Defendants-Appellees.

Court of Appeals of Tennessee, Middle Section, at Nashville.

Feb. 13, 1985.

Application for Permission to Appeal Denied by Supreme Court April 22, 1985.

Lionel R. Barrett, Jr., P.C., Nashville, for plaintiff-appellant.

Robert L. Estes, Reid M. Estes, Stewart, Estes & Donnell, Nashville, for defendants-appellees.

## OPINION

FRANKS, Judge.

Plaintiff's action for damages, based upon the issuance of a writ of possession on the sale of his home by the clerk and master and an alleged breach of duty by the clerk following a stay of the writ by this court, was dismissed by the trial judge upon summary judgment.

The record of the prior case is not before us, other than the writ of possession issued by the clerk and master and the order staying the writ issued by this court. The writ of possession recites:

[B]y Decree in the above styled cause entered on the 19th day of June, 1981, the Court rendered judgment that the purchaser, Allen J. Gambill, have and recover immediate possession of the real estate involved which is described Tracts Nos. 2, 3 and 4, as described in the Clerk and Master's REPORT OF SALE which is incorporated in said Decree, and it was further ORDERED by the Court that the Defendants [plaintiff herein] and all persons holding under them are directed to vacate the premises on or before June 26, 1981, and if they have not, the Clerk and Master is directed to issue a Writ of Possession to put the purchaser, Allen J. Gambill, in possession.

THEREFORE, YOU ARE DIRECTED AND COMMANDED to remove the Defendants from the aforesaid property and put said purchaser in possession thereof and make due return how you have executed this writ.

The writ was signed by the clerk and master and filed on June 30, 1981. The return shows the writ was received by the sheriff's office at 1530 hrs. on June 30, 1981, and the return of service notes the writ was executed on July 2, at 0945 hrs.

On July 2, at 12 noon, on motion of plaintiff, a judge of this court signed an order staying "the issuance and/or execution of any writ of possession ... until after the expiration of 30 days from and after June 19, 1981."

In the complaint, plaintiff alleges the stay order was "ignored" by the defendant "who proceeded to sell plaintiff's property and placed Mr. Gambill in possession of his home", and further charges the clerk and master with "improperly" issuing the writ of possession.

The clerk and master filed a motion for summary judgment and tendered her affidavit, wherein she states in pertinent part:

On July 2, 1981, (at approximately 1:20 p.m.) a Ms. Faulkner from the Court of Appeals called to inform me that Judge Todd had signed a Stay Order in the Kelton case and that "they were bringing a copy of the Order to me." She asked me if I would, in turn, inform the sheriff's office that a Stay Order was on the way. Pursuant to her instructions, I proceeded to call the sheriff's office and

talked to Mr. John Brown, who stated that they had already received information that a Stay Order had presumably been issued, and that when they received the Order they would be in touch with the Chancellor or the County Attorney.

Sometime later Mr. Kelton called to ask me to inform the sheriff of the Stay Order. He stated that he was at his home and that Deputy Vandervort, whose job was to give peaceful possession to Mr. Gambill pursuant to the writ, "threatened to arrest him if he entered his home." I informed him of Ms. Falkner's telephone call, and further told him that I had in turn advised the sheriff's office that a Stay Order was coming, but that we had not yet received it. Mr. Kelton informed me that he would bring me the Stay Order immediately and he did so sometime thereafter. Upon his arrival, which was approximately 2:50 p.m. or thereafter, he requested that I accompany him to his former residence with the Stay Order. I declined to do so inasmuch as I thought such conduct would be improper and outside my jurisdiction and duties; however, I did call and ask for Sheriff Snell, who was out of town. I nevertheless talked to Deputy Butner, who advised me that the execution of the writ of possession had already taken place. I in turn informed Mr. Kelton of this fact.

Mr. Kelton insisted that I contact the sheriff and advise him of the Stay Order. However, I informed him that I had been informed that the sheriff was not in town, and that the county attorney would be the proper person to talk to and that I would be glad to call the county attorney for him. I proceeded to do just that. In the meanwhile, the Plaintiff called his attorney on my phone and conversed with him for over fifteen minutes. Mr. Ingram then informed me that this stay nullified the writ and that I should notify the sheriff of this fact. I informed him in turn that I had twice called the sheriff's office, once immediately after Ms. Falkner's call and once again after Mr. Kelton appeared in my office, and that as far as I knew, I had fulfilled my duty in that regard.

The trial court, upon determining the clerk and master should be granted summary judgment, observed:

This determination is made based on a review of the pleadings which indicate only one Affidavit on behalf of the Plaintiffs dealing with the factual issues which they raise to contradict the Motion for Summary Judgment. This Affidavit does not raise facts as to the actions of Jo Ann Arnold and, therefore, the Affidavit of Mrs. Arnold must be taken on face value as to the facts and events that took place. Based on that Affidavit, there appears to be no factual basis to claim negligence on her part that resulted in any loss alleged to have occurred to the Plaintiffs.

■ Plaintiff's affidavit, filed in response to the motion for summary judgment, states the conclusion that the clerk and master "ignored" the stay order. This conclusion did not controvert the factual statements contained in the clerk and master's affidavit, and the requirements of T.R.C.P., Rule 56, were not met:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. T.R.C.P., Rule 56.05.

The stay order issued by this court was a form of injunctive relief. T.R.A.P., Rule 7. In this connection, T.R.C.P., Rule 65.02(2) provides:

Every restraining order or injunction shall be binding upon the parties to the action, their officers, agents and attorneys; and upon other persons in active concert or participation with them who receive actual notice of the restraining

order or injunction by personal service or otherwise.

█ It is undisputed that the clerk and master, upon being made aware of the stay order, promptly notified the sheriff's office of its existence and again called the sheriff's office when a copy of the stay order was physically delivered to her office. On these facts, we believe reasonable persons would all agree the clerk and master acted properly in the discharge of her duties to plaintiff.

█ Plaintiff further insists defendant was negligent in the issuance of the writ. A writ of possession is the execution of a decree or order of a court. *Terry v. Clark,* 72 Tenn. 186 (1879). The issuance of the writ of possession by the clerk and master was in obedience to an order of the chancellor, who established the time-table, and was a discharge of a duty imposed by statute. T.C.A., § 18–5–102. *Also see Gibson's Suits in Chancery* (6th ed., Inman), § 642, *Other Duties of the Clerk and Master.* The record establishes no basis for negligence by the clerk and master upon the issuance of the writ.

We pretermit the remaining issues because the foregoing establishes the propriety of the summary judgment. The summary judgment is affirmed and the case remanded at appellant's cost.

TODD, P.J. (M.S.), and LEWIS, J., concur.