| JOHN J. BANDEIAN, JR., M.D., | ) | |
|---|---|---|
| | ) | |
| Plaintiff/Appellant, | ) | |
| | ) | Davidson Sixth Circuit |
| VS. | ) | No. 95C-3587 |
| | ) | |
| MARTIN H. WAGNER, M.D., | ) | |
| | ) | Appeal No. |
| Defendant/Appellee, | ) | 01-A-01-9703-CV-00140 |
| | ) | |
| RAY W. HESTER, M.D., and GERALD | ) | |
| R. BURNS, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

**October 29, 1997**

**Cecil W. Crowson**
**Appellate Court Clerk**

IN THE COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE DAVIDSON SIXTH CIRCUIT COURT
AT NASHVILLE, TENNESSEE


HONORABLE THOMAS W. BROTHERS, JUDGE


John J. Bandeian, M.D.
3169 West State Street
Bristol, TN 37620
PRO SE FOR PLAINTIFF/APPELLANT


Ed R. Davies, #3231
DAVIES, CANTRELL & HUMPHREYS
150 Second Avenue North, Suite 225
Nashville, TN 37201
ATTORNEY FOR DEFENDANTS/APPELLEES


**AFFIRMED AND REMANDED.**


HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION


CONCUR:
BEN H. CANTRELL, JUDGE


CONCURS IN SEPARATE OPINION:
WILLIAM C. KOCH, JR., JUDGE

JOHN J. BANDEIAN, JR., M.D.,           )
                                        )
    **Plaintiff/Appellant,**           )
                                        )           **Davidson Sixth Circuit**
**VS.**                                   )           **No.  95C-3587**
                                        )
**MARTIN H. WAGNER, M.D.,**              )
                                        )           **Appeal No.**
    **Defendant/Appellee,**          )           **01-A-01-9703-CV-00140**
                                        )
**RAY W. HESTER, M.D., and GERALD**      )
**R. BURNS, M.D.,**                       )
                                        )
    **Defendants.**                    )

# O P I N I O N

The plaintiff, John J. Bandeian, Jr., M.D. has appealed from the summary dismissal of his suit against the defendant, Martin H. Wagner, M.D. for libel.

Plaintiff's second amended complaint asserts that an unsigned letter containing untruthful statements about plaintiff and another physician was mailed to a patient by the defendant.

Defendant's motion for summary judgment is supported by his affidavit that:

> 2.    I have read Exhibit 1 to the Complaint (letter said to have been postmarked on October 24, 1994 and referred to hereinafter as the or this letter).

> 3.    I did not write this letter.

> 4.    I did not commission, cause, direct, or assist any other person in the writing of this letter.

> 5.    I have no knowledge as to the identity of the author of this letter.

> 6.    I did not mail, commission, cause, direct, or assist in the mailing of this letter.

A party seeking a summary judgment may do so in several ways. *Brown v. J. C. Penney Life Ins. Co.*, Tenn. App. 1992, 861 S.W.2d 834.

In a suitable case, the simplest support for a defendant's motion for summary judgment is his affidavit that "I did not commit the act attributed to me in the complaint." The plaintiff must then present admissible evidence that the defendant did commit the act attributed to him.

The present case involves such a simple situation. The complaint alleged wrongdoing by defendant. The defendant swears that he is not the guilty party. Plaintiff has attempted to produce evidence that defendant is guilty. The issue on appeal is whether the evidence offered by plaintiff is competent, admissible evidence creating a dispute as to the fact denied by defendant.

Plaintiff's 13-page "Statement of the Facts" is attached as an exhibit to this opinion. It would be extremely difficult to abbreviate or adequately summarize this statement. A careful study of the details of the evidence in the "statement of facts" fails to disclose any competent, admissible evidence that contradicts defendant's affidavit quoted above. No competent, admissible evidence is found that defendant wrote the letter, or that he conspired or collaborated with anyone who did, or that he and only he had a motive and opportunity to write the letter.

Generally, an ordinary witness must confine his testimony to a narration of facts based on first-hand knowledge and avoid stating a mere personal opinion. *Walden v. Wylie*, Tenn. App. 1982, 645 S.W.2d 247. The opinion of plaintiff and that of his witnesses is not competent evidence of the participation of defendant in the alleged wrong. TRCP Rule 56.01, *Braswell v. Carothers*, Tenn. App. 1993, 863 S.W. 722.

A verdict for the plaintiff cannot be based upon speculation, conjecture, guesswork, or a mere spark or glimmer of evidence. *Ogle v. Winn-Dixie, Greenville, Inc.*, Tenn. App. 1995, 919 S.W.2d 45; *Sadec v. Nashville Recycling Co.*, Tenn. App. 1988, 751 S.W.2d 428.

When faced with a properly supported motion for summary judgment, the opponent of the motion must produce competent, material evidence showing a clear entitlement to maintain his action. *Merritt v. Wilson County Board of Zoning Appeals*, Tenn. App. 1983, 656 S.W.2d 846.

If evidence filed by plaintiff in response to a properly supported motion for summary judgment does not controvert factual statements in defendant's evidence, the response is inadequate. TRCP Rule 56. *Kelton v. Snell*, Tenn. App. 1985, 689 S.W.2d 186.

If the parties had gone to trial upon the evidence offered by them for and against the summary judgment, the Trial Judge would have been obligated to direct a verdict for the defendant because the evidence offered by plaintiff would have required the jury to engage in unwarranted speculation. *Stokes v. Leung*, Tenn. App. 1982, 651 S.W.2d 704, *Crowe v. Provost,* Tenn. App. 1963, 374 S.W.2d 645.

The summary judgment for the defendant was therefore justified and correct.

The judgment of the Trial Court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant. The cause is remanded to the Trial Court for further appropriate proceedings.

**AFFIRMED AND REMANDED**

_____
HENRY F. TODD
PRESIDING JUDGE, MIDDLE SECTION

CONCUR:

_____
BEN H. CANTRELL, JUDGE

CONCURS IN SEPARATE OPINION
WILLIAM C. KOCH, JR., JUDGE

-5-