**Ronnie Lee BERRY,**
**Plaintiff–Appellant,**

v.

**CONSOLIDATED SYSTEMS, INC.,**
**Defendant–Appellee.**

Supreme Court of Tennessee,
at Jackson.

Feb. 4, 1991.

Ira M. Thomas, Memphis, for plaintiff-appellant.

John W. Chandler, Jr., Memphis, for defendant-appellee.

## OPINION

DAUGHTREY, Justice.

In this workers' compensation action, the injured employee appeals from the trial court's order granting summary judgment to the employer. We conclude that summary judgment was inappropriate and remand the case for trial or other disposition on the merits.

In so ruling, we offer no opinion on the employee's ultimate chance of success. Indeed, it appears that he will have considerable difficulty in convincing the trier of fact that he did not make a material misrepresentation of his physical condition on his application for employment, one which

may, under the facts as developed, be sufficient to bar recovery. However, summary judgment is inappropriate where there is a dispute as to the facts, or where there is uncertainty as to whether there may be such a dispute. *See Evco Corporation v. Ross*, 528 S.W.2d 20, 25 (Tenn.1975). Hence, summary judgment is almost never an option in a contested workers' compensation action.

On motion for summary judgment, not only must the material facts be undisputed, but the trial judge must also interpret those facts in the light most favorable to the opponent of the motion, discarding all countervailing evidence. *Blocker v. Regional Medical Center*, 722 S.W.2d 660, 660 (Tenn.1987), citing *Price v. Mercury Supply*, 682 S.W.2d 924, 929 (Tenn.App. 1984); *Graves v. Anchor Wire Corp.*, 692 S.W.2d 420, 421 (Tenn.App.1985). By definition, then, summary judgment does not involve fact-finding or the weighing of evidence. In this regard, it is similar to the granting of a directed verdict in jury cases and to dismissal as a matter of law in non-jury cases. Obviously, a trial court should not grant a motion for summary judgment where resolution of the case depends upon an interpretation or weighing of the facts presented by affidavit or deposition.

In this case, for example, the undisputed evidence showed that the plaintiff, Ronnie Lee Berry, developed carpal tunnel syndrome while he was employed by the defendant, Consolidated Systems, Inc., as a "roll form helper." The job required repetitive heavy lifting of a kind which the plaintiff's medical expert, Dr. Varner, said could cause carpal tunnel syndrome. In fact, the physician concluded, the injury in this case was related to Berry's job at Consolidated Systems. Moreover, his condition was severe enough to require surgery and to cause permanent partial disability.

In response, Consolidated Services denied that Berry's condition was compensable and, following pre-trial discovery, filed a non-specific motion for summary judgment alleging that there were no disputed issues of fact between the parties and that the defendant was entitled to a judgment of dismissal as a matter of law.

■ The trial court's order granting summary judgment was equally non-specific. On appeal, however, the claim is made that the plaintiff is legally barred from recovery because of his "misrepresentation of medical and/or claims history."

In order to establish such a defense, an employer must prove three elements: (1) that the employee knowingly and willfully made a false representation of his physical condition; (2) that the employer relied upon the misrepresentation in making the decision to hire; and (3) that the misrepresentation was material, that is, that there was a causal relationship between the subject matter of the false representation and the injuries later sustained by the employee. *Shelton v. Clevepak Container Corp.*, 752 S.W.2d 508, 509 (Tenn.1988).

■ In this case, the affidavits and depositions attached to the motion for summary judgment establish that when Berry filled out his application for employment in May 1987, he failed to indicate as part of his employment history that he had worked for United Parcel Service in 1980. As it turned out, Berry had suffered a shoulder separation while working for UPS. That work-related injury also required surgery, and it resulted in a workers' compensation settlement in Berry's favor. Berry also failed to indicate anywhere on his application form that he had suffered an injury to his left wrist in 1984, when a drill bit slipped and punctured it. He recovered from that work injury within a matter of days, and it does not appear to be a matter of much dispute between the parties at this stage of the proceedings.

Nevertheless, when he filled out the application for work at Consolidated Services, Berry answered all four of the following questions in the negative: "Do you have any physical condition which may limit your ability to perform the particular job for which you are applying?" "Do you have any physical defects which preclude you from performing certain kinds of work?" "Have you had a major illness in

the past 5 years?" "Have you received compensation for injuries?"

In his deposition, Berry maintained that he had made a full recovery from the 1980 injury, that he was "strong as a bull" when he went to work for Consolidated Systems as a temporary worker in January 1987, and that his answers to the first three questions were therefore completely truthful. As to the forth and last question, he first claimed that he did not remember answering it but then explained somewhat implausibly that he "was under the impression that this referred to automobile type injuries" and "was certainly not thinking of [his] workers' comp award from six years ago...."

According to the affidavit of the plant production manager who authorized Berry's employment, it was the policy of the roll form department not to hire anyone who had "problems of the shoulders, arms and hands." Berry insisted, however, that he was hired on the basis of his excellent performance as a temporary employee for the five months immediately prior to his permanent employment and that his 1980 injury was not material to the defendant's hiring decision. The resolution of this disputed question will obviously have to be resolved by the fact-finder, as will several others.

There is, for example, the unresolved issue of whether there was a causal relationship between the plaintiff's 1980 injury and his subsequent carpal tunnel condition. Dr. Varner, the only medical expert whose deposition is in the record, acknowledged that a shoulder separation could damage the median nerve and thus create a predisposition for carpal tunnel syndrome. But Dr. Varner also said that he could not say whether such a predisposition occurred in this case "with any degree of certainty, because [he had] not been able to review the prior medical records." Thus, according to Dr. Varner, there was only an "implication" that the plaintiff's current condition was somehow related to the prior injury.

As noted above, for purposes of reviewing the action of the trial judge on a motion for summary judgment, we must construe those facts which are available and undisputed against the proponent of the motion. Given this standard of review, we conclude that Dr. Varner's testimony was not sufficient as a matter of law to establish the critical third element of the formula for determining the existence of a material misrepresentation in the employment application, that is, whether there was a causal connection between the plaintiff's prior undisclosed injury and the later injury for which he now seeks compensation.

For these reasons, the trial court's judgment must be set aside and the case remanded for trial or other disposition on the merits. Costs will be taxed to the appellee.

Reversed and remanded.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.