**Carol A. HILLIARD, Plaintiff–Appellant,**

v.

**TENNESSEE STATE HOME HEALTH SERVICES, INC., now Health Plus of Tennessee, Inc. and Aetna Casualty & Surety Company, Defendants–Appellees.**

Supreme Court of Tennessee,
Special Workers' Compensation
Appeals Panel.

May 21, 1997.

Ordered Published Aug. 28, 1997.

Herbert E. Patrick, Gregory D. Smith, Clarksville, for Appellant.

Tom Corts Ortale, Kelley, Herbert & Crawford, Nashville, for Appellee, State Farm Insurance Company.

Tracy Shaw, Howell & Fisher, Nashville, for Appellee, Aetna Casualty & Surety Company.

(March 20, 1997 Session)

Mailed April 21, 1997

*Members of Panel:*

ADOLPHO A. BIRCH, Jr., Chief Justice, Supreme Court, JOHN K. BYERS, Senior Judge, and JOE C. LOSER, Jr., Special Judge.

### MEMORANDUM OPINION

JOE C. LOSER, Jr., Special Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court in accordance with Tenn.Code Ann. section 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. The employee contends, in this appeal, that there is a genuine issue of material fact concerning causation and that the summary judgment of dismissal should be reversed. As discussed below, the panel has concluded the case should be remanded for trial.

In 1971 and 1972, the claimant underwent gallbladder surgery and a hysterectomy. In conjunction therewith, she was given two blood transfusions. Over the next several years, she carried on a normal life and exhibited no more than normal health problems.

However, in 1988, the claimant visited a doctor complaining of extreme fatigue, a symptom of hepatitis C. In 1989, she visited a doctor who noted she had an enlarged liver, also a symptom of hepatitis C.

By 1992, the claimant's fatigue had become worse and she experienced a series of colds and viruses. She was again diagnosed with an enlarged liver, and hepatitis C was diagnosed for the first time. She has seen several doctors, including Dr. Ellen B. Hunter,

whose deposition was filed in support of the defendants' motion for summary judgment.

Dr. Hunter testified that hepatitis C sufferers often remain asymptomatic for many years. The claimant testified that the signs of the disease began after she started working for the employer providing nursing care for medical patients. She said she never had any major health problems before that, a circumstance confirmed by her family doctor in his affidavit.

Dr. Hunter testified the condition could have been caused by the above transfusions or by working with patients having hepatitis C. She confirmed that a health care worker such as the claimant "is at risk for acquiring hepatitis C."

██ The trial court granted a summary judgment of dismissal. Appellate review is controlled by Tenn. R. Civ. P. 56. *Downen v. Allstate Ins. Co.*, 811 S.W.2d 523 (Tenn. 1991). The pleadings and evidence must be viewed in the light most favorable to the opponent of the motion. *Wyatt v. Winnebago Indus., Inc.*, 566 S.W.2d 276 (Tenn.Ct. App.1977). Summary judgment is to be rendered only when it is shown that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56. It is almost never an option in workers' compensation cases. *Berry v. Consolidated Systems, Inc.*, 804 S.W.2d 445 (Tenn.1991). In a summary judgment hearing, even where the parties have no right to a jury trial, the trial judge is not at liberty to weigh the evidence.

From a deliberate consideration of the record, the briefs and the law governing the issue presented, we conclude this is not a proper case for summary judgment. Our action should not be interpreted as a suggestion that the claim is necessarily meritorious. We make no judgment in that regard. That decision is for the trial court after a full opportunity for both sides to present their witnesses. The claimant is not relieved of the burden of proving the necessary elements of her claim.

The judgment of the trial court is accordingly vacated and the cause remanded for further proceedings. Costs on appeal are taxed to the Aetna and State Farm, one-half each.

BIRCH, C.J., and JOHN K. BYERS, Senior Judge, concur.