**FILED**

**February 22, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 10:19 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT JACKSON

| | | |
|---|---|---|
| VANESSA STITTS, | ) | Docket No. 2016-07-0103 |
| **Employee,** | ) | |
| v. | ) | |
| ABB POWER TECH, | ) | State File No. 21750-2015 |
| **Employer,** | ) | |
| and | ) | |
| ACE AMERICAN INSURANCE CO., | ) | Judge Amber E. Luttrell |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING
## EMPLOYER'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Court on January 17, 2017, upon ABB Power Tech's (ABB) Motion to Dismiss, which the Court treated as a Motion for Summary Judgment pursuant to Rule 56 of the Tennessee Rules of Civil Procedure. The central legal issue is whether ABB demonstrated to the Court either it affirmatively negated the timely filing element of Ms. Stitts' claim or it demonstrated her evidence is insufficient to establish such element. For the following reasons, the Court holds ABB affirmatively negated the timely filing element of Ms. Stitts' claim and is entitled to judgment as a matter of law.

### *Procedural history*

Ms. Stitts filed a Petition for Benefit Determination on February 4, 2016, alleging a work injury on August 4, 2014. (T.R. 1.) After mediation failed to resolve the issues between the parties, the mediator issued a Dispute Certification Notice certifying compensability as a disputed issue. (T.R. 2.) The Court entered an Initial Hearing Order, and, following the completion of discovery, the parties participated in a post-discovery mediation. The mediator issued a second DCN in which ABB clarified the disputed issue of compensability included whether Ms. Stitts' claim is time-barred under Tennessee Code Annotated section 50-6-203(b) (2016).

ABB subsequently filed "Employer's Motion to Dismiss" and a "Statement of Undisputed Material Facts Entitling Employer and Insurer to Dismissal." In support of its

1

motion, ABB attached Ms. Stitt's responses to interrogatories and request for production of documents and excerpts from Ms. Stitts' deposition transcript. (T.R. 3-4.) Thereafter, this Court entered an Order advising the parties that ABB's motion would be treated as one for summary judgment pursuant to Tennessee Rule of Civil Procedure 56 and ordered Ms. Stitts to file a response to ABB's motion in accordance with Rule 56.

Ms. Stitts did not file a response to ABB's Statement of Undisputed Facts as required by Rule 56. However, she filed "Employee's Response to Motion to Dismiss," opposing summary judgment. (T.R. 5.) In support of her response, Ms. Stitts attached her deposition transcript beginning with page twenty-one and correspondence to Ms. Stitts from ABB and Gallagher Bassett, its third-party administrator.

*The parties' positions*

In its motion, ABB argued Ms. Stitts' claim is barred by the statute of limitations because Ms. Stitts filed her PBD more than one year after her alleged August 4, 2014 injury. In her response, Ms. Stitts did not deny filing her PBD more than one year after the date of injury. She argued that on the date of injury, she reported her injury to human resources representative, Cynthia Howard. Ms. Stitts contended she sought unauthorized medical treatment for her shoulder three days prior and Ms. Howard instructed her to "just go back to the doctor, and just follow up with me and let me know what they say." Ms. Stitts asserted she returned to the doctor, who took her off work for eight months for treatment.

Ms. Stitts cited *Blocker v. Regional Medical Center*, 722 S.W.2d 660, 663 (Tenn. 1987), for the proposition that when the employer initially accepts a case as compensable, and thereafter stops making voluntary payments of benefits, the statute of limitations does not begin to run until the employee knows or has reason to know the treatment is no longer authorized by the employer. She argued that Ms. Howard's statement instructing her to go back to the doctor meant she authorized that treatment under workers' compensation and all eight months of treatment that followed. She further argued ABB was aware of her treatment while she was off work for eight months and never told her it was not authorized treatment by workers' compensation.

In its "Reply to Employee's Response to Motion to Dismiss," ABB noted Ms. Stitts' reliance on *Blocker* and argued that case is not applicable to the present case because the Court's decision was based on a remedial interpretation of the Tennessee Workers' Compensation Act. Further, it distinguished the facts in *Blocker,* noting in that case workers' compensation benefits were voluntarily and actually paid by the employer. In contrast here, ABB asserted, and Ms. Stitts admitted, that no workers' compensation benefits were ever paid on her claim.

2

In addition, Ms. Stitts attached a letter entitled "Acknowledgement Letter" from Gallagher Bassett Services, an email from ABB requesting information to assist it in evaluating her claim, and an email from Gallagher Bassett to Ms. Stitts' counsel requesting a HIPAA-compliant release to assist it in making a compensability decision on the claim. Ms. Stitts contended these documents indicated ABB considered her workers' compensation claim to be an approved claim and argued ABB and Gallagher Bassett "led her along" until the statute of limitations expired. ABB denied these assertions.

Finally, Ms. Stitts contended motions for summary judgment are disfavored in workers' compensation cases, citing *Berry v. Consolidated Systems, Inc.*, 804 S.W.2d 445, 446 (Tenn. 1991).

*Analysis*

Motions for summary judgment are governed by Tennessee Code Annotated section 20-16-101 (2016) and Tennessee Rule of Civil Procedure 56. This rule (56.03) requires that a motion for summary judgment "be accompanied by a separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." The party opposing the motion "must . . . serve and file a response to each fact set forth by the moving party," either agreeing that the fact is undisputed or "demonstrating that the fact is disputed." In this case, ABB submitted a Statement of Undisputed Material Facts in the required form. Ms. Stitts did not respond to "each fact" set forth by ABB. Instead, she filed a response setting forth arguments in response to the motion. Thus, procedurally, the Court finds Ms. Stitts did not properly respond to the motion under Rule 56.

The Court turns to whether entry of summary judgment against Ms. Stitts is appropriate. Ms. Stitts cannot rest on mere allegations or denials of ABB's pleadings, but must submit facts demonstrating a genuine issue of fact for trial. Failure to do so will result in a judgment against Ms. Stitts. *See Payne v. D and D Elec.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at *7-8 (May 4, 2016). Here, the Court finds summary judgment appropriate.

In reaching this conclusion, the Court applied the following standard:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

3

(2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

*Payne*, at \*8, *quoting* Tenn. Code Ann. § 20-16-101 (2016).

In this case, ABB argued Ms. Stitts' claim is time-barred and not compensable under Tennessee Code Annotated section 50-6-203(b) (2016), which provides:

> In instances where the employer has not paid workers' compensation benefits to or on behalf of the employee, the right to compensation under this chapter shall be forever barred, unless . . . a petition for benefit determination is filed with the bureau . . . within one year after the accident resulting in injury.

To affirmatively negate this essential element of Ms. Stitts' claim or demonstrate the insufficiency of Ms. Stitts' evidence to support her claim, ABB set forth, in part, the following undisputed facts:

- Ms. Stitts filed a Petition for Benefit Determination on 2/4/2016, listing an injury date of 8/4/2014; (citing the PBD);
- Ms. Stitts stated a specific injury-causing event occurred to her at work on 8/4/2014; (citing Ms. Stitts' responses to ABB's interrogatories);
- Ms. Stitts testified she sought medical treatment on that date and was taken off work for eight months; (citing Ms. Stitts' deposition);
- Ms. Stitts admitted that she has not received any workers' compensation benefits, and that her medical bills were paid by Blue Cross Blue Shield of Tennessee, not her Employer; (citing Ms. Stitts' responses to interrogatories and request for production of documents).

To successfully counter these undisputed facts, Ms. Stitts must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in her favor[.]" *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015). In so doing, she must do more than simply offer hypothetical evidence; she must produce evidence at this summary judgment stage of the case that is sufficient to establish the essential elements of her workers' compensation claim. *Id.* at 265. This Court must review any evidence submitted in the light most favorable to Ms. Stitts and draw all reasonable inferences in her favor. *Payne,* 2016 TN Wrk. Comp. App. Bd. LEXIS 21, at \*12 (internal citations omitted).

Applying these directives, the Court finds Ms. Stitts produced no material facts to lead the Court to find in her favor. Instead, she only offered argument that she believed her medical treatment was approved through workers' compensation, which is in direct

4

contravention to her deposition testimony and sworn discovery responses that she never received any workers' compensation benefits and Blue Cross Blue Shield paid all of her medical bills.

The Court finds the undisputed facts indicate Ms. Stitts filed her PBD more than one year after her August 4, 2014 date of injury. She admitted in her deposition testimony and in response to interrogatory number eighteen and request for production number nine that she did not receive any workers' compensation benefits and that her medical bills were paid by Blue Cross Blue Shield and out of pocket.

In response to Ms. Stitts' reliance on *Blocker*, the Court concludes the facts in *Blocker* are different from the present case. In *Blocker*, the employer made voluntary payments of workers' compensation benefits for at least one year. Here, again, Ms. Stitts knew ABB never made any workers' compensation payments on her claim. Moreover, the Court finds the letters and emails submitted by Ms. Stitts do not support Ms. Stitts' contention that her workers' compensation claim was approved or her treatment was authorized. To the contrary, the documents merely acknowledged Ms. Stitts filed a claim and ABB requested information to assist it in evaluating the claim. The acknowledgement letter specifically stated "this is an acknowledgment letter and NOT an acceptance letter." Thus, Ms. Stitts' arguments do not create a genuine issue of material fact for trial.

Finally, to the extent that Ms. Stitts asserts ABB is equitably estopped from raising the one-year limitation as a defense, the Court finds Ms. Stitts did not meet her burden of demonstrating that a genuine issue of material fact exists regarding any such claim.

Thus, under controlling authority, the Court finds ABB submitted affirmative evidence negating the timely filing element of Ms. Stitts' claim and also demonstrated Ms. Stitts' evidence is insufficient to establish such element. Accordingly, the Court grants ABB Power Tech's Motion for Summary Judgment and dismisses Ms. Stitts' claim with prejudice. The Court taxes the filing fee of $150.00 to ABB Power Tech pursuant to Tennessee Compilation Rules and Regulations Rule 0800-02-21-.07, to be paid within five days of the entry of this Order, for which execution may issue as necessary. In addition, ABB Power Tech shall prepare and submit an SD-1 form within ten days of the date of this order.

**IT IS SO ORDERED.**

5

**ENTERED** this the 22nd day of February, 2017.

**JUDGE AMBER E. LUTTRELL**
**Court of Workers' Compensation Claims**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notices (collective)
3. Employer's Motion to Dismiss
4. Employer's Statement of Undisputed Material Facts Entitling Employer and Insurer to Dismissal
5. Employee's Response to Motion to Dismiss
6. Employer's Reply to Employee's Response to Motion to Dismiss

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on this the 22nd day of February, 2017.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Jeffrey P. Boyd, Esq., Attorney for Employee | | | X | jboyd@hillboren.com; sbland@hillboren.com |
| J. V. Thompson, Esq., Attorney for Employer | | | X | jthompson@raineykizer.com; jrowan@raineykizer.com |

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**

6