**FILED**
**Oct 17, 2024**
**12:29 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Victor Soto | ) Docket No. 2021-08-0937 |
| | ) |
| v. | ) State File No. 15935-2022 |
| | ) |
| Denny Patterson, Jr., d/b/a Patterson | ) |
| Construction, et al. | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Amber E. Luttrell, Judge | ) |

---

### Affirmed and Remanded

---

This is the second interlocutory appeal in this case. The claimant asserts he sustained significant head injuries and brain trauma while working at one of the employer's job sites. The employer denied the claim, contending that the claimant was an independent contractor at the time of the accident. Following an expedited hearing, the trial court denied the claimant's request for benefits, concluding he had failed to provide sufficient evidence that he would likely prevail at trial in establishing he was an employee. Thereafter, the employer filed a motion for summary judgment accompanied by a statement of undisputed facts, asserting the claimant was unable to prove, as a matter of law, that he was an employee of the defendant at the time of the accident. Following a hearing on the employer's motion, the trial court determined that genuine issues of material fact exist regarding the claimant's employment status and denied the employer's motion. The employer appealed. We vacated the trial court's order and remanded the case for the trial court to address the effect, if any, of the claimant's failure to respond to the employer's statement of undisputed facts. On remand, the court again denied the employer's motion for summary judgment, concluding that the employer had failed to meet its initial burden of production as described in Rule 56 of the Tennessee Rules of Civil Procedure. The employer has appealed. After careful review of the record, we affirm the trial court's order for reasons other than those stated by the court, and we remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Emily Bragg Faulkner, Memphis, Tennessee, for the employer-appellant, Denny Patterson, Jr., d/b/a Patterson Construction

Victor Soto, Memphis, Tennessee, employee-appellee, pro se

## Factual and Procedural Background

For context, we have set out portions of the factual and procedural background as stated in our earlier opinion:

On August 11, 2021, Victor Soto ("Claimant") fell from a ladder while installing seismic framing for Denny Patterson, Jr., d/b/a Patterson Construction ("Patterson"). He reportedly suffered significant head injuries and brain trauma, resulting in several surgeries and extensive medical treatment. Patterson denied his workers' compensation claim, asserting Claimant was an independent contractor and was not its employee at the time of the accident.

Claimant retained counsel and filed a petition for benefit determination in September 2021. Following an unsuccessful mediation, a dispute certification notice was issued in January 2022. Thereafter, Claimant filed a request for an expedited hearing, and the parties engaged in discovery. Following the expedited hearing, the trial court issued an order denying Claimant's request for the initiation of benefits, determining Claimant had not come forward with sufficient evidence to indicate he was likely to prevail at trial in proving he was an employee of Patterson at the time of the accident. After the court's order was issued, Claimant's counsel filed a motion to withdraw, and the trial court granted that motion in November 2022. Since that time, Claimant has proceeded in a self-represented capacity.

. . . .

On January 16, 2024, the court heard Patterson's motion for summary judgment. During the hearing, Claimant did not dispute receiving the motion for summary judgment but testified that due to "my illness, I am unable to answer, and I need my daughter to assist me because she speaks English, and she can read and explain those to me." Claimant informed the court he would rely on the affidavits of Benjamin Perez and Wilmer Lopez, both filed in July 2023, in opposition to Patterson's motion. Patterson filed a motion to exclude the affidavit of Wilmer Lopez prior to the hearing and made an oral motion to exclude the Rule 72 Declaration/affidavit of Benjamin Perez at the hearing. The court took the motions under advisement.

On April 3, the trial court issued an order denying summary judgment, stating it "need not rule on [Patterson's] motions [to exclude] because the affidavits were not considered in the decision." In its order, the court

2

referenced Claimant's testimony from pleadings relied upon by Patterson in its motion and determined that, pursuant to section 50-6-102(10)(D)(i), factual issues exist regarding the right to control the work, method of payment, furnishing of tools, and the work schedule.

*Soto v. Patterson Construction*, No. 2021-08-0937, 2024 TN Wrk. Comp. App. Bd. LEXIS 27, at *2-4 (Tenn. Workers' Comp. App. Bd. June 24, 2024).

In the first appeal filed by Patterson, we vacated the trial court's order denying the employer's motion for summary judgment. We remanded the case for the court to consider what, if any, effect Claimant's failure to respond to Patterson's statement of undisputed facts had on the analysis of Patterson's motion for summary judgment. On remand, the court determined that Patterson had failed to meet its initial burden of production pursuant to Rule 56 of the Tennessee Rules of Civil Procedure and, thus, the burden of proof never shifted to Claimant. Accordingly, the court denied Patterson's motion. Patterson has appealed.

**Standard of Review**

The grant or denial of a motion for summary judgment is a matter of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). As such, we must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.* We are mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2023).

**Analysis**

On appeal, Patterson asserts the trial court erred in denying its motion for summary judgment because, contrary to the trial court's findings, it had satisfied its burden of production under Rule 56 of the Tennessee Rules of Civil Procedure, Tennessee Code Annotated section 50-6-102, and Tennessee Code Annotated section 20-16-101. It asserts that because it met its burden of production, the burden then shifted to Claimant to demonstrate that disputed issues of material fact remained that precluded summary judgment. Patterson contends Claimant did not meet his burden of proof.[1]

---

[1] As a second issue on appeal, Patterson contends the court improperly considered the affidavits of Benjamin Perez and Wilmer Lopez as Claimant's response to its motion for summary judgment. Although both affidavits are included in the technical record, the trial court's order notes that neither affidavit was considered in the court's decision. Accordingly, we conclude this issue has no merit.

*Summary Judgment Standards*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. In evaluating a trial court's decision to deny a motion for summary judgment, we consider the evidence in a light most favorable to the nonmoving party. *Arnold v. Courtyard Mgmt. Corp.*, No. W2015-02266-SC-WCM-WC, 2016 Tenn. LEXIS 648, at *7 (Tenn. Workers' Comp Panel Sept. 28, 2016). As the party moving for summary judgment who does not bear the burden of proof at trial, a defendant may satisfy its burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264 (emphasis in original). If the moving party is successful in meeting this burden, the nonmoving party "may not rest upon the mere allegations or denials of its pleading." *Id.* at 265. Rather, the nonmoving party must demonstrate, through affidavits, pleadings, depositions, responses to interrogatories, or admissions, specific facts showing that there is at least one disputed material issue for trial. Tenn. R. Civ P. 56.06; see also *Rye*, 477 S.W.3d at 265. If the nonmoving party fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." Tenn. R. Civ. P. 56.06.

Rule 56.03 places specific filing requirements on both the moving and nonmoving parties. The moving party is required to file a statement of undisputed material facts with its motion, and each fact must be accompanied by a citation to the record. Tenn. R. Civ. P. 56.03. With respect to the obligations of the nonmoving party, Rule 56 provides that it

> *must*, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such responses *shall* be filed with the papers in opposition to the motion for summary judgment.

*Id.* (emphases added). In addition, the nonmoving party may serve and file opposing affidavits not later than five days before the hearing. *Id.*

*Summary Judgment in the Context of Workers' Compensation Cases*

Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(d) provides the following guidance for when a dispositive motion is opposed in the context of a workers' compensation case:

4

If a dispositive motion is opposed, a written response to the motion must be filed and served on all parties or their counsel no later than five (5) business days before the motion hearing. The response must state with particularity the grounds for opposition. *If no opposition is filed, the dispositive motion will be considered unopposed.* The judge may[,] without the need for an affidavit from the non-moving party[,] grant additional, reasonable time for the non-moving party to respond, obtain affidavits, engage in discovery, or take depositions.

(Emphasis added.) However, the Tennessee Supreme Court has long held that summary judgment is "rarely appropriate in a contested workers' compensation case." *Dye v. Witco Corp.*, 216 S.W.3d 317, 322 (Tenn. 2007). In *Berry v. Consolidated Sys., Inc.*, 804 S.W.2d 445 (Tenn. 1991), for example, the Supreme Court concluded that a trial court had erred in granting summary judgment. It explained as follows:

[S]ummary judgment is inappropriate where there is a dispute as to the facts, or where there is uncertainty as to whether there may be such a dispute. Hence, summary judgment is almost never appropriate in a contested workers' compensation action.

On motion for summary judgment, not only must the material facts be undisputed, but the trial judge must interpret those facts in the light most favorable to the opponent of the motion, discarding all countervailing evidence. By definition, then, summary judgment does not involve fact-finding or weighing of evidence. . . . Obviously, a trial court should not grant a motion for summary judgment where resolution of the case depends upon an interpretation or weighing of the facts presented by affidavit or deposition.

*Id.* at 446.

Moreover, the determination of whether a worker is an employee or an independent contractor is a question of fact. *Barker v. Curtis*, 287 S.W.2d 43, 46 (Tenn. 1956). Only when the facts of a case are undisputed does the determination of a worker's employment status become a question of law. *CNA Continental Casualty v. King*, No. M2004-02911-COA-R3-CV, 2006 Tenn. App. LEXIS 631, at *23, n.8 (Tenn. Ct. App. Sept. 28, 2006).

Therefore, in the circumstances of this case, we must determine whether a non-moving party's failure to respond to a statement of undisputed facts in the context of a motion for summary judgment precludes a trial court from considering the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," to determine that genuine issues of material fact remain disputed. *See* Tenn. R. Civ. P. 56.04. For the reasons addressed below, we conclude that it does not.

*Application of Law to Facts*

As noted above, Patterson bears the initial burden of either negating an essential element of the claim or demonstrating that Claimant's evidence is insufficient as a matter of law. In conjunction with the filing of its motion, Employer filed a statement of undisputed facts that included the following statements pertinent to this appeal:

(1) Patterson is a sole proprietorship, and Mr. Patterson was its only employee since 2015;

(2) Patterson did not provide training or instruction to Claimant and did not supervise his work other than to ensure it complied with building codes;

(3) Patterson retained the right to dismiss a subcontractor if his work was unsatisfactory;

(4) Patterson was to pay Claimant $416.00 upon completion of the project;

(5) Claimant was free to select and hire helpers;

(6) Patterson did not provide Claimant with basic tools and equipment necessary to complete the framing work;

(7) Patterson did not control Claimant's working hours or schedule; and

(8) Claimant was free to offer his services to others.

Patterson argues that because Claimant failed to respond to Patterson's statement of undisputed facts, including the material facts set out above, as required by Rule 56, its motion was unopposed and, therefore, it met its burden of production under Rule 56.[2]

In concluding that Patterson failed to meet its burden of production under Rule 56, the trial court relied on our opinion in *Gibbs v. Express Services, Inc.*, No. 2020-03-0219, 2021 TN Wrk. Comp. App. Bd. LEXIS 3 (Tenn. Wrk. Comp. App. Bd. Feb. 12, 2021). In *Gibbs,* the central dispute was the compensability of the employee's alleged injury. *Id.* at *1. The employer filed a motion for summary judgment, which was joined by the Subsequent Injury and Vocational Recovery Fund. *Id.* at *3-4. In support of its motion, the employer relied on an opinion from the authorized treating physician indicating that the employee's "complaints and symptoms" were at least 50% related to a pre-existing

---

[2] In the first appeal, we remanded the case and asked the trial court to address the impact, if any, of Claimant's failure to respond to Patterson's motion, including its statement of undisputed facts. Instead, the trial court reviewed specific filings relied on by Patterson to conclude that it had not met its initial burden of production pursuant to Rule 56 of the Tennessee Rules of Civil Procedure.

condition. *Id*. at *11. The trial court granted the employer's motion because the causation opinion as noted above was the only expert proof in the record. *Id.* On appeal, we reversed, noting that although the physician's opinion regarding the cause of her "complaints and symptoms" may be *relevant* to the issue of causation, it failed to address whether the incident at work was the primary cause of any disablement or need for additional medical treatment. *Id.* at *11-12. Thus, the burden of proof had not shifted to the employee because the employer did not negate an essential element of the employee's claim. *Id.* at *12. In addition, we noted that the employer's statement of material facts did not "affirmatively show the absence of evidence in the record to establish [the employee's] claim." *Id.* at *14.

Similarly, in *Kennard v. Mid-South Transportation Management, Inc.*, No. 2019-08-0805, 2021 TN Wrk. Comp. App. Bd. LEXIS 23 (Tenn. Wrk. Comp. App. Bd. July 21, 2021), the employee was injured when a former co-worker assaulted her in the employer's parking lot. *Id.* at *1. The employer denied the claim and filed a motion for summary judgment, arguing that the assault stemmed from an inherently private dispute. *Id.* The trial court determined that although the employer's statement of undisputed facts presented sufficient material facts from which it could conclude that a "private dispute that was imported into the employment setting was exacerbated by the employment," the facts relied upon by the employer did not specifically address whether the employment "exacerbated the private dispute," which was a factor to be considered in determining whether a workplace assault is compensable. *Id.* at * 12-13. The court also reasoned that determining whether the assault had an "inherent connection" to the employment or stemmed from a private dispute would require it to weigh evidence and make credibility determinations. *Id.* at *13. In affirming the trial court's order denying summary judgment, we agreed that the employer failed to negate an essential element of the employee's claim or demonstrate that her evidence was insufficient to establish her claim, noting that, in the context of the motion for summary judgment, it was the employer's burden to establish what motivated the assault. *Id.* Ultimately, we concluded that the "extent to which the dispute was exacerbated or made worse by the employment" was a disputed issue of material fact for trial. *Id.* at *14.

The trial court also relied on *Cody v. G.UB.MK. Constructors*, No. 2020-02-0545, 2021 TN Wrk. Comp. App. Bd. LEXIS 37 (Tenn. Wrk. Comp. App. Bd. Oct. 21, 2021) for support of its burden-shifting analysis. In *Cody*, the employee alleged he suffered an occupational disease. *Id.* at *1. The employer filed a motion to dismiss or for summary judgment, contending that the employee was unable to establish he had an occupational illness or disease as defined by statute because he continued to work uninterrupted and could not establish any degree of disability caused by the alleged occupational exposure. *Id.* at *3. The parties engaged in discovery, including expert medical depositions, and the employee filed his response to the employer's motion and statement of undisputed facts. *Id.* The trial court denied the employer's motion after concluding there were genuine issues of material fact concerning whether the employee had established a compensable occupational disease through expert medical proof and whether the employee had a

7

permanent vocational disability. *Id.* at *11. In our analysis of the summary judgment issue raised on appeal, we concluded the employer did not meet its initial burden of production under Rule 56. As a result, the burden of proof did not shift to the employee to show one or more genuine issues of material fact. *Id.* at *12. However, we also noted that, even if the burden of production had shifted, the employee came forward with sufficient evidence to create one or more genuine issues of material fact. *Id.*

As noted above, we are required to "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S. W. 3d at 250. The present case comes to us in a different posture than the cases discussed above due to Claimant's failure to respond to Patterson's statement of undisputed fact. We must therefore determine whether, in light of the "unopposed" motion, the trial court erred in determining Patterson had not met its burden of production under Rule 56. The answer to that question, however, does not end the inquiry. Even if we agree with Employer that it met its burden of production under Rule 56, we must still determine whether summary judgment was inappropriate based on a review of other relevant materials in the record, including Claimant's deposition testimony and responses to Patterson's requests for admissions.

In short, we conclude that a non-moving party's failure to respond to the moving party's statement of undisputed material facts renders those statements "unopposed" for purposes of the motion for summary judgment. Thus, given those unopposed statements of fact, we further conclude Employer met its burden of production by negating an essential element of Claimant's claim. Consequently, the burden shifted to Claimant to show one or more genuine issues of material fact that preclude summary judgment.

When an opposing party does not respond to a motion for summary judgment, Rule 56.06 of the Tennessee Rules of Civil Procedure directs the court to enter an order granting summary judgment "*if appropriate*." (Emphasis added.) Thus, in accordance with the unambiguous language of Rule 56.04, the trial court should enter summary judgment if the "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." As the Supreme Court explained in *Rye*:

> Like Federal Rule 56, Tennessee Rule 56 clearly states that when a summary judgment motion is "supported as provided in [Tennessee Rule 56]," the nonmoving party "may not rest upon the mere allegations or denials of the [nonmoving] party's pleading," but in response, "by affidavits or as otherwise provided in [Tennessee Rule 56], must set forth specific facts showing that there is a genuine issue for trial.

*Rye,* 477 S.W.3d at 261-62 (citations omitted); *cf. DeVore v. Univ. of Ky. Bd. Of Trustees*, slip op., No. 23-5890 (6th Cir. Oct. 11, 2024) ("Ultimately, the court must examine the

pleadings to ascertain what issues of fact they present and then consider the affidavits, depositions, admissions, interrogatory answers, and similar materials to determine whether any of those issues are . . . genuine.").

As we noted earlier, the central question of whether Claimant was an employee or an independent contractor is one of fact. We conclude the record reveals multiple genuine issues of material fact as to Claimant's employment status that preclude summary judgment. The record is replete with contradictory testimony and statements regarding the degree of control Patterson exerted over the conditions of Claimant's work. For example, as an exhibit to its motion for summary judgment, Patterson attached excerpts from the transcript of Claimant's May 2, 2022 deposition. During that deposition, Claimant testified that Mr. Patterson instructed Claimant as to what time to arrive on the job site "every day." Such testimony directly contradicts at least one statement in Patterson's Statement of Undisputed Material Facts regarding whether Patterson controlled Claimant's work hours or schedule.

Furthermore, in Claimant's responses to Patterson's first Requests for Admissions, filed June 1, 2022, Claimant denied he was "not an employee" of Patterson on the date of the accident and further asserted that Patterson "compensated [Claimant] on an hourly basis." He also denied that Patterson "did not provide any instructions . . . as to the manner" in which Claimant was to complete the project. Finally, Claimant denied that he had the "freedom to select and hire helpers" for the project on which he was working on the date of the accident. In Claimant's responses to Patterson's second Requests for Admissions, filed August 3, 2023, he reiterated the same denials, including, among other things, denying that he supplied his own tools or scheduled his own work hours. Thus, based on Claimant's deposition testimony and responses to the requests for admissions, which are properly considered as directed by Rule 56.04, there are unresolved issues of material fact regarding the degree of control Patterson may have exerted over the conditions of Claimant's work. All of these facts are central to the assessment of whether Claimant was an employee or independent contractor at the time of his injury pursuant to Tennessee Code Annotated section 50-6-102(10)(D)(i); as such, the trial court appropriately denied summary judgment despite Patterson's meeting its initial burden of production.

**Conclusion**

For the reasons stated above we affirm the trial court's order and remand the case. Costs on appeal are taxed to Patterson.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Victor Soto | ) | Docket No.   2021-08-0937 |
| | ) | |
| v. | ) | State File No.  15935-2022 |
| | ) | |
| Denny Patterson, Jr., d/b/a Patterson | ) | |
| Construction, et al. | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Amber E. Luttrell, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 17th day of October, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Emily Bragg Faulkner | | | | X | emily.faulkner@mgclaw.com lateafa.patton@mgclaw.com |
| Victor Soto | | | | X | lucero.t.soto@gmail.com |
| Amber E. Luttrell, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Matthew Keene
Acting Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-532-1564
Electronic Mail: WCAppeals.Clerk@tn.gov