
**FILED**
**Jan 15, 2025**
**07:49 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Julie Lawson | ) | Docket No.     2024-60-0333 |
| | ) | |
| v. | ) | State File No.   26221-2023 |
| | ) | |
| Costar Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

---

### Reversed and Remanded

---

The employee reported suffering a work-related mental injury as a result of the actions of certain supervisors in February 2023. Following a period of discovery, the employer filed a motion for summary judgment, arguing that the employee was unable, as a matter of law, to come forward with sufficient evidence that the supervisors' alleged actions constituted a sudden or unusual mental stimulus that could support a mental injury claim under Tennessee's Workers' Compensation Law. The trial court agreed, concluding that no reasonable person could interpret the supervisors' actions to constitute a sudden or unusual mental stimulus leading to a compensable mental injury. As a result, the court granted summary judgment and dismissed the employee's case, and the employee has appealed. Because we conclude the trial court erred in its consideration of the case at the summary judgment stage, we reverse and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge Pele I. Godkin and Judge Meredith B. Weaver joined.

Julie Lawson, Nashville, Tennessee, employee-appellant, pro se

A. Allen Callison and Trent B. Norris, Brentwood, Tennessee, for the employer-appellee, Costar Group, Inc.

### Factual and Procedural Background

Julie Lawson ("Employee") worked as a business analyst for Costar Group, Inc. ("Employer"). At some point prior to February 2023, Employee apparently reported to

Employer instances of alleged sexual harassment by her direct supervisor.[1]  According to Employee's various filings, a representative of Employer informed her that an investigation was underway to address those allegations.

Employee acknowledged suffering from post-traumatic stress disorder ("PTSD") that pre-dated the events in question.  During a work-related meeting on February 28, 2023, which was conducted virtually, a colleague used the word "kidnapped" during a conversation.  Although Employee acknowledged that the word was used "in passing," she testified it was a triggering event for her, that she "gasped" at the use of the word, took a walk after the meeting, and then took a drive during her lunch break to "re-set."[2]

Later that day, Employee was scheduled to attend her annual performance review.  Although the review was not conducted by her direct supervisor, it was allegedly prepared by him despite the ongoing investigation concerning her allegations of sexual harassment against him.  Moreover, Employee believed that the male supervisors who delivered the performance review were aware of both the nature of the allegations against her direct supervisor and the existence of an ongoing investigation.  According to Employee, the male supervisors who conducted her performance review were dismissive of her concerns, disregarded the impact of the ongoing investigation on her, and acted in a "collective, tribal way" to cause her harm by conducting the performance review at that time and in that manner.  Employee concedes that she received a pay increase at some point after her performance review.

Following the events of February 28, Employee sought treatment with her psychiatrist, Dr. Susanna Quasem.  Employee reported that Dr. Quasem changed her diagnosis from PTSD to "complex PTSD."  Employee also asserted that Dr. Quasem expressed the opinion that the work-related events of February 28 had exacerbated her pre-existing mental condition and supported her claim of a work-related mental injury.  Specifically, Employee claimed that the work-related events on February 28 "produced shock and excessive, unexpected anxiety."  She further alleged that the performance review "was completely out of the ordinary in comparison to what another employee conducting [sic] the same duty would experience."

Following an extended period of discovery and the filing of numerous motions, Employer filed a motion for summary judgment, asserting that the alleged stressful events on February 28 were not "extraordinary in comparison to the stress ordinarily

---

[1] The record on appeal contains no specific information regarding the nature or severity of any such alleged harassment or the results of any internal investigation.  Consequently, we will not identify the alleged harasser by name in this opinion.

[2] The record contains limited information as to why the use of that word triggered Employee's pre-existing PTSD.

experienced by an employee in the same type of duty."[3]  In essence, Employer based its motion for summary judgment on the theory that Employee's evidence of an extraordinary, stressful work-related event was insufficient as a matter of law.  Employee filed responses to Employer's motion and statement of undisputed material facts.  Specifically, Employee asserted that the manner in which two male supervisors conducted her performance review, in light of her pending allegations of sexual harassment against the male supervisor who wrote the performance review, constituted an extraordinary, unexpected stressor that exacerbated or aggravated her pre-existing mental condition.

Following a hearing, the trial court granted Employer's motion for summary judgment and dismissed Employee's case.  The court reasoned that the feelings Employee experienced during and after the performance review "are not uncommon or unexpected in a workplace where supervisors must wield and exert authority even if the results seem unfair."  The court further noted that Employee's "physical safety was not harmed or threatened" and that "the threat of harm and loss was to her employment and employment opportunities," which Tennessee's Workers' Compensation Law excludes as a basis for a mental injury claim.  Consequently, the trial court concluded that Employee had produced insufficient evidence of "a sudden or unusual mental stimulus for an ordinary employee" and dismissed Employee's claim with prejudice.  Employee has appealed.

**Standard of Review**

The interpretation and application of statutes and regulations are questions of law that we review de novo with no presumption that the trial court's conclusions are correct. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013).  The grant or denial of a motion for summary judgment likewise is a question of law that we review de novo with no presumption that the trial court's conclusions are correct.  *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015).  As such, we "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Id.*  We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer.  Tenn. Code Ann. § 50-6-116 (2024).

---

[3] Of note, Employer did not include the date and time of a hearing on the face of its dispositive motion, as is required by Tenn. Comp. R. and Regs. 0800-02-21-.18(1)(c) (2023).  Instead, Employer filed a separate "Notice of Hearing."  Because we reverse on other grounds, we need not address this rule violation further. *See Harris v. Mavis Tire Supply*, No. 2021-08-0024, 2024 TN Wrk. Comp. App. Bd. LEXIS 18, at *9-10 (Tenn. Workers' Comp. App. Bd. Apr. 12, 2024).

**Analysis**

On appeal, Employee asserts the trial court erred in granting summary judgment, in part, because "Employer did not demonstrate that Employee's evidence was insufficient to establish an essential element of her claim." She further asserts that there are disputed issues of material fact that render summary judgment inappropriate. Finally, Employee argues that the trial court erred in applying an "objective standard" to conclude the threat of harm she purportedly experienced during the performance review was the potential loss of employment and employment opportunities.

*Insufficiency of Non-Moving Party's Evidence*

The Tennessee Supreme Court has established a two-pronged approach to the evaluation of a motion for summary judgment. *Rye*, 477 S.W.3d at 264. First, the moving party can succeed by "affirmatively negating an essential element of the nonmoving party's claim." *Id.* Second, the moving party can succeed by "demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim." *Id.* (emphasis in original). With respect to the second prong, the Supreme Court further explained:

> [A] moving party seeking summary judgment by attacking the nonmoving party's evidence *must do more than make a conclusory assertion that summary judgment is appropriate on this basis*. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial."

*Id.* (emphasis added). If the moving party properly supports its motion as required by Rule 56.03, the burden of production then shifts to the nonmoving party to show, by any means provided in Rule 56, "that there is a genuine issue for trial." *Id.* at 265.

*Definition of Mental Injury*

In *Nickerson v. Knox County*, No. E2020-01286-SC-R3-WC, 2021 Tenn. LEXIS 124 (Tenn. Workers' Comp. Panel June 8, 2021), the Supreme Court's Special Workers' Compensation Appeals Panel affirmed and adopted as its own our opinion addressing the statutory definition of "mental injury" in the context of a workers' compensation case. As the Appeals Panel noted, Tennessee Code Annotated section 50-6-102(15) defines the term "mental injury" as

> a loss of mental faculties or a mental or behavioral disorder, arising primarily out of a compensable physical injury or an *identifiable work[-] related event resulting in a sudden or unusual stimulus*, and shall not

4

include a psychological or psychiatric response due to the loss of employment or employment opportunities.

(Emphasis added.) As noted in *Nickerson*, "since at least 2002, the legislature has recognized two types of mental injuries: those arising primarily out of a compensable physical injury and those arising primarily out of an identifiable work-related event resulting in a sudden or unusual stimulus." *Id.* at *11. The *Nickerson* Court then concluded that, in evaluating a mental injury claim in circumstances where there is no underlying physical injury, "we must look to the date of the identifiable work-related event [or events] resulting in a sudden or unusual stimulus." *Id.* at *26 (quotation marks omitted).

*Consideration of a "Reasonable Person" Standard*

In *Saylor v. Lakeway Trucking, Inc.*, 181 S.W.3d 314 (Tenn. 2005), the employee alleged he had come into contact with a hazardous substance in the course of his employment and, as a result, had sustained a mental injury. In evaluating the employee's claim, the Supreme Court first distinguished between the two types of mental injury claims as noted above. *Id.* at 319. With respect to the category of mental injury claims with no underlying physical injury, the Court explained as follows:

> The performance of any contract of employment . . . produces some degree of emotional stress. Compensation, therefore, is available for neither emotional stress, anxiety, or worry *of a general nature* nor mental injuries resulting from *the accumulation of normal employment-related activities*. Rather, the stress must be extraordinary and unusual in comparison to the stress ordinarily experienced by an employee in the same type [of] duty.

*Id.* at 320 (citations and quotation marks omitted) (emphasis added). In applying this standard, therefore, the factfinder must determine whether a reasonable person under the type of stress being described by the employee would experience a "sudden or unusual" mental stimulus. The Court in *Saylor* concluded that "[a] reasonable person who had been splashed with such material under these circumstances would have believed himself to be in danger." *Id.*

In *Goodloe v. State*, 36 S.W.3d 62 (Tenn. 2001), the Supreme Court considered whether a trial court had improperly granted summary judgment in a mental injury case. The employee alleged her mental injury was caused by a conversation with her supervisor during which she was advised she might lose her job. *Id.* at 63. The Court first noted that, when considering a motion for summary judgment, a court "must view the evidence in a light most favorable to the non-moving party and must draw all reasonable inferences in that party's favor." *Id.* at 65 (citations omitted). Moreover,

5

summary judgment should be granted "only when the facts and inferences permit a reasonable person to reach only one conclusion." *Id.*

The Court then concluded that summary judgment is appropriate in a mental injury claim when the alleged injury "results from the accumulation of *normal job-related stress*." *Id.* at 66 (emphasis added). The Court explained:

> The workers' compensation system simply does not embrace every stress or strain of daily living or every undesirable experience encountered in carrying out the duties of a contract of employment. Rather, the stressful stimulus must be something beyond the normal ups and downs of the employment because emotional stress, to some degree, accompanies the performance of any contract of employment.

*Id.* at 67 (citations and quotation marks omitted).

We conclude a critical element in mental injury cases involves application of a "reasonable person" standard, which is generally a question of fact. *See, e.g.*, *Coleman v. St. Thomas Hosp.*, 334 S.W.3d 199, 202 (Tenn. Ct. App. 2010) ("If reasonable minds could justifiably reach different conclusions based on the evidence at hand, then a genuine question of fact exists."). It is only when "the evidence and the inferences to be reasonably drawn from the evidence would permit a reasonable person to reach only one conclusion" that a motion for summary judgment should be granted. *Wilson v. Rubin*, 104 S.W.3d 39, 48 (Tenn. Ct. App. 2002). Moreover, as the Supreme Court has explained, "by definition, . . . summary judgment does not involve fact-finding or the weighing of evidence." *Berry v. Consolidated Sys., Inc.*, 804 S.W.2d 445, 446 (Tenn. 1991). "Obviously, a trial court should not grant summary judgment where resolution of the case depends upon an interpretation or weighing of the facts." *Id.*

Here, we conclude the trial court did not view the evidence in a light most favorable to the nonmoving party or draw all reasonable inferences in Employee's favor. Moreover, we conclude the trial court improperly granted summary judgment based on a factual finding that no reasonable person could have experienced a sudden or unusual mental stimulus beyond normal workplace stress in circumstances where a performance evaluation was prepared by a male supervisor the female employee had accused of sexual harassment and delivered by other male supervisors who were aware of those pending allegations. Further, Employee did not allege that her mental injury arose from the *results* of her performance evaluation, as suggested by the trial court, but by the timing of the evaluation and the manner in which it was conducted.

In its decision, the trial court relied on *Ireton v. Horizon Mental Health Mgmt., LLC*, No. E2015-00296-SC-R3-WC, 2016 Tenn. LEXIS 3 (Tenn. Workers' Comp. Panel Jan. 19, 2016). In *Ireton*, the employee heard statements at a training seminar regarding

sexual abuse that he alleged triggered memories of his own sexual abuse and, thus, caused a mental injury due to the sudden and unusual nature of the events. *Id.* at *5-8. The Supreme Court's Special Workers' Compensation Appeals Panel determined that an "objective standard is required even [when] medical experts have opined that the Employee suffered PTSD stemming out of a particular event or stress." *Id*. at *29. The Panel added, however, that "[t]he determination of whether a particular event or stress is abnormal, extraordinary, or unusual in comparison to the stress ordinarily experienced by an employee in the same type of duty is a question of fact." *Id*. at *32. As noted above, questions of fact generally are not appropriate for resolution by summary judgment.

In sum, Employer argued that the stress Employee experienced as a result of the timing of the annual performance review and the manner in which it was conducted could not, as a matter of law, constitute a sudden or unusual mental stimulus beyond normal workplace stress. In granting Employer's dispositive motion, the trial court weighed Employee's evidence regarding the impact of the performance evaluation on a reasonable employee in similar circumstances and resolved this issue of fact in Employer's favor. Although such a result may occur following a full trial on the merits, it is not an appropriate basis on which to award summary judgment. "Even when it appears the employee may have incredible difficulty convincing the trier of fact of a compensable claim, summary judgment is inappropriate if granting the motion would involve fact-finding or the weighing of evidence." *Burke v. Steve Towers Enters., LLC*, No. 2022-06-0311, 2023 TN Wrk. Comp. App. Bd. LEXIS 53, at *12 (Tenn. Workers' Comp. App. Bd. Nov. 15, 2023) (citing *Berry*, 804 S.W.2d at 446) (quotation marks omitted). In short, we conclude there are one or more genuine issues of material fact regarding the circumstances of the performance evaluation, the conditions under which it was conducted, the impact of such events on the mental condition of a reasonable employee in similar circumstances, and whether such events could constitute a "sudden or unusual" mental stimulus under these circumstances. Thus, summary judgment was improper.

**Conclusion**

For the foregoing reasons, we reverse the trial court's order granting summary judgment and remand the case. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Julie Lawson | ) | Docket No. 2024-60-0333 |
| | ) | |
| v. | ) | State File No. 26221-2023 |
| | ) | |
| CoStar Group, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 15th day of January, 2024.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Julie Lawson | | | | X | julie.lawson00207@gmail.com |
| Allen Callison<br>Trent Norris | | | | X | allen.callison@mgclaw.com<br>trent.norris@mgclaw.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov